(91 South. 307)

**PIPPIN v. PERRY. (8 Div. 267.)**

(Supreme Court of Alabama. Oct. 27, 1921.)

**1. Appeal and error ⬅537—Bill of exceptions not filed within time limited cannot be considered.**

Where a bill of exceptions was not presented to the trial judge within the 90 days prescribed by Code 1907, § 3019, it cannot be considered on appeal.

**2. Appeal and error ⬅613(2)—Statement held not a "memorial of indorsement" of bill of exceptions to show presentation.**

A statement appended to the bill of exceptions, over the signature of the trial judge, that "this bill of exceptions and the ruling thereon was presented to me June 1, 1920, more than 90 days after the cause was tried, the motion for a new trial and the ruling thereon was added to the bill, and as amended the bill was presented on June 24, 1920," was a recital of a past fact, and not a "memorial of indorsement," required by Code, 1907, § 3019, to evidence the fact and date of presentation.

**3. Ejectment ⬅64—Complaint in ejectment held not deficient in description of land.**

A complaint in ejectment for "a small island containing about 20 acres situated in the Tennessee river in Lauderdale county, Alabama, north of and adjacent to what is known as Seven Mile Island, * * * being same island on which defendant now has a shack," was not defective in description of the land.

**4. Ejectment ⬅111(3)—Verdict in ejectment for land described in complaint held not void.**

In an action of ejectment, a verdict finding for plaintiff for the land described in the complaint was not void.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Ejectment by F. M. Perry against Lee Pippin. Judgment for plaintiff and defendant appeals. Affirmed.

The description contained in the complaint is as follows:

"A small island containing about 20 acres situated in the Tennessee river in Lauderdale county, Alabama, north of and adjacent to what is known as Seven Mile Island, and about 2½ miles from the head of Seven Mile Island, being same island on which defendant now has a shack."

The jury's verdict found for the plaintiff for the land sued for and the judgment was for the land, describing it as it is described in the complaint.

Simpson & Simpson, of Florence, for appellant.

The bill of exceptions ought not to be stricken. 167 Ala. 316, 52 South. 829; 148 Ala. 385, 41 South. 871; 130 Ala. 275, 30 South. 567; 104 Ala. 471, 16 South. 538; 3 Ala. App. 547, 57 South. 630; 4 Ala. App. 390. 58 South. 120; 9 Ala. App. 152, 62 South. 560; 193 Ala. 658, 69 South. 102; 14 Ala. App. 374, 70 South. 984. The description was not sufficient. 19 C. J. 1106; 127 U. S. 471, 8 Sup. Ct. 1214, 32 L. Ed. 172; 165 Ala. 302, 51 South. 609; 174 Ala. 154, 56 South. 711; 174 Ala. 145, 56 South. 1020. Counsel discuss other assignments of error; but, in view of the opinion, it is not deemed necessary to here set them out.

Mitchell & Hughston, of Florence, for appellee.

The court did not err in overruling motion for new trial. 121 Ala. 529, 25 South. 898; 39 South. 675; 160 Ala. 259, 48 South. 659. The bill of exceptions cannot be considered for any purpose, and should be stricken.

McCLELLAN, J. [1] Statutory ejectment, instituted by appellee against appellant. The plaintiff prevailed in a judgment entered March 1, 1920; but, the bill of exceptions not being presented to the trial judge within the 90 days prescribed by law (Code, § 3019), it cannot be considered for purposes of review of the main trial. A motion for new trial was filed on or before March 4, 1920, and the court overruled the motion on March 27, 1920.

[2] Over the signature of the trial judge, this appears as indorsed on or appended to the bill of exceptions, the signature and approval of the bill being set in above at the end of the bill:

"This bill of exceptions, without the motion for new trial and the ruling thereon, was presented to me on June 1, 1920, more than 90

---

days after the case was tried; the motion for a new trial and the ruling thereon was added to the bill and as amended the bill was presented on June 24, 1920.

"Filed in my office Dec. 4, 1920.
"C. W. Young, Clerk."

It is manifest that the matter set out over the signature of the presiding judge is the recital of a past fact or act; not the memorial of indorsement required by the statute (section 3019) as the exclusive means for evidencing the fact and the date of presentation contemplated by the statute. Box v. Sou. Ry. Co., 184 Ala. 598, 64 South. 69. The motion to strike, to entirely eliminate, what purports to be a bill of exceptions in this transcript, must be, and it is, granted. If the bill of exceptions, as the basis for review of the motion for new trial (not the main trial), had been indorsed by the presiding judge as presented on June 24, 1920, it would then have served the purposes for a review of the action of the court in overruling the motion for new trial which action was taken March 27, 1920, within 90 days before June 24, 1920. There is, in short, no indorsement of presentation on June 24, 1920, or on any other date that was within 90 days of the date of overruling the motion for new trial.

[3, 4] The complaint was not defective in its description of the land—an island in the Tennessee river—sued for, nor was the verdict void in referring the subject of the recovery awarded to the land described in the complaint. Lessley v. Prater, 200 Ala. 43–45, 75 South. 355, citing previous rulings supporting the conclusion here announced.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.