(101 So. 644)

**ILLINOIS CENT. R. CO. v. POSEY.**
**(6 Div. 201.)**

(Supreme Court of Alabama. Oct. 16, 1924.)

**I. Master and servant** ⚖=278(3) — **Complaint held to state cause of action, under federal Employers' Liability Act.**

Complaint alleging that plaintiff was directed by employé having charge to resume his

---

[1] Post, p. 276.

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

duties as guard on bridge of railroad engaged in interstate commerce after rain, from which he had taken shelter, had stopped, and that, because of negligent failure to furnish him with light, he fell and was injured, *held* to state cause of action under federal Employers' Liability Act.

**2. Appeal and error ⬤⟹1078(3), 1079—Assignments of error not insisted on in argument and not elaborated in brief not considered on appeal.**

Assignments of error to sustaining of demurrers to pleas which were not insisted on in argument, nor elaborated in brief, but merely referred to without citation of authorities, must be taken as waived, and will not be considered on appeal.

**3. Exceptions, bill of ⬤⟹59(4)—Amendment of bill of exceptions improperly allowed more than 90 days after judgment.**

Amendment of bill of exceptions, presented more than 90 days after judgment in cause and judgment on motion for new trial, was too late, under Code 1907, § 3019, and was therefore improperly approved by trial court.

**4. Exceptions, bill of ⬤⟹20—Exceptions attached to bill of exceptions and referred to become part thereof.**

Exceptions attached to bill of exceptions, signed and approved by trial court, and referred to in body of bill, become part thereof.

**5. Appeal and error ⬤⟹655(2) — Supreme Court cannot strike part of bill of exceptions as too late and sustain part as presented in time.**

On appeal, amended bill of exceptions must stand or fall in its entirety, and Supreme Court cannot strike part as not presented in time and sustain part as presented in time, but will strike the whole bill.

**6. Exceptions, bill of ⬤⟹41(6) — Statute requiring indorsement by judge of true date of presenting bill mandatory.**

Requirement of Code 1907, § 3019, as to indorsement on bill of exceptions by judge of true date of presenting it, is mandatory.

**7. Appeal and error ⬤⟹907(3)—Where bill of exceptions stricken, Supreme Court will presume evidence sustains trial court's instruction.**

Where bill of exceptions is stricken from record on appeal, Supreme Court will presume any state of evidence which will sustain trial court's instructions.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Action for damages for personal injuries by T. P. Posey against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Affirmed.

W. C. Davis, of Jasper, and Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The test as to when one is engaged in interstate commerce is the character of work being done at the time of the injury. A. G. S. v. Bonner, 200 Ala. 228, 75 So. 986, 10 A. L. R. 1160; Erie R. R. v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 61 L. Ed. 319; Shanks v. D. L. & W., 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; L. & N. v. Carter, 195 Ala. 382, 70 So. 655, Ann. Cas. 1917E, 292; Ill. Cent. v. Behrens, 233 U. S. 473, 34 S. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163; Sou. Ry. v. Pitchford, 253 Fed. 736, 165 C. C. A. 330. Where the servant leaves the place of his employment on his own private business and goes to another part of the master's premises, he assumes the risk of the route voluntarily selected by him. Pioneer Min. Co. v. Talley, 152 Ala. 162, 43 So. 800, 12 L. R. A. (N. S.) 861. The presentation and signing of the bill of exceptions were regular and according to law. Authorities cited by appellee to the contrary are inapt.

E. B. & K. V. Fite, of Hamilton, and Curtis, Pennington & Pou, of Jasper, for appellee.

A bill of exceptions must be presented within 90 days from the date of judgment; after the lapse of that time appellant cannot change his bill of exceptions by incorporating new grounds of error. Code 1907, § 3019; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Edinburgh-American L. M. Co. v. Canterbury, 169 Ala. 444, 53 So. 823; Rice v. Beavers & Co., 196 Ala. 355, 71 So. 659; Gunter v. Pollock, 169 Ala. 591, 53 So. 1002; Tapia v. Williams, 172 Ala. 18, 54 So. 613; Pan American Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75; T. C. I. Co. v. Perry, 10 Ala. App. 371, 64 So. 651; Pippin v. Perry, 206 Ala. 582, 91 So. 307; Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657; A. C. L. v. Burkett, 207 Ala. 344, 92 So. 456. Service in interstate commerce exists when the service is in or about the maintenance of the track or trestle over which interstate commerce is being moved. L. & N. v. Blankenship, 199 Ala. 521, 74 So. 960; L. & N. v. Carter, 195 Ala. 382, 70 So. 655, Ann. Cas. 1917E, 292; L. & N. v. Pettis, 206 Ala. 96, 89 So. 201; Pederson v. D., L. & W., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; Sou. Pac. v. Ind. Acc. Comm., 174 Cal. 8, 161 P. 1139, L. R. A. 1917E, 262; Smith v. Ind. Acc. Comm., 26 Cal. App. 560, 147 P. 600. Roby was negligent in ordering plaintiff to and from the overhanging cliff without furnishing him a light. Kreigh v. Westinghouse, etc., Co., 214 U. S. 249, 29 S. Ct. 619, 53 L. Ed. 984; Woodward Ir. Co. v. Wade, 192 Ala. 651, 68 So. 1008; A. G. S. v. Flinn, 199 Ala. 177, 74 So. 246; Sou. Ry. v. Fisher, 199 Ala. 377, 74 So. 580.

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MILLER, J. This is a suit for damages for personal injuries by T. P. Posey against the Illinois Central Railroad Company. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant. There were originally four counts in the complaint. Counts 1 and 2 were withdrawn, and only counts numbered 3 and 4 were submitted by the court to the jury.

[1] Demurrers of defendant to counts 3 and 4 were overruled by the court. These counts allege sufficient facts to show plaintiff relies on the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), and when injured was engaged in a service immediately productive of the maintenance of essential, indispensable features of interstate commerce. Each count in substance alleges defendant was engaged in interstate commerce, carrying freight and passengers from Alabama into Mississippi and other states. As part of its ways, it maintained a long trestle across Brush creek, over which its trains ran from one state into the other; it furnished and stationed at this trestle guards to look after its safety for trains to pass over. Plaintiff was employed by defendant as one of its guards at this trestle, and W. H. Roby, a servant or employé of the defendant, had charge and control of plaintiff in the discharge of his duties to the defendant, and plaintiff was bound to conform to his orders in performance of his duties to the defendant. He ordered plaintiff to come down from the trestle to a certain bluff or cliff for shelter from a rain while he was in the performance of his duties as guard. Plaintiff complied with the orders, and, after the rain ceased, Roby ordered plaintiff back upon said bridge. He started to comply with the order, and in doing so fell and injured himself in many ways, described in the counts.

The counts allege it was at night, and Roby furnished him with no light by which he could see the dangers thereof; that he received his injuries while in the discharge of his duties under his employment as guard for the defendant, while engaged in his duty as such guard in interstate commerce; that he received them as the proximate consequence of the negligence of said Roby.

Count 3 alleges that:

"Roby negligently ordered plaintiff from said bridge or trestle to said bluff or cliff for safety and to return to the said bridge or trestle from said place, without providing plaintiff with sufficient light to ascertain the dangers of the ground and place over which plaintiff was compelled to move to reach the trestle or bridge."

Count 4 is practically the same as 3, except it alleges the negligence of Roby consisted in this:

"The said W. H. Roby, while acting within the line of his duty and the scope of his authority as such officer, agent, or employé of the defendant company, and to whose orders plaintiff was bound to conform and did conform, negligently ordered the plaintiff from the said bridge or trestle to said bluff or cliff for safety and to return to said bridge or trestle, without providing plaintiff with sufficient light to ascertain the dangers of the ground, the said Roby, knowing that defendant company, its agent, or employés had not furnished a reasonably safe way to pass from said bridge or trestle to said bluff or cliff, or from said bluff or cliff to said bridge or trestle, and plaintiff conformed to the said order, and in doing so fell and received the injuries complained of and set forth in count 3 of this complaint."

The facts alleged in these counts show they were drawn under the federal Employers' Liability Act, each states a cause of action thereunder, and neither is subject to the grounds of demurrer assigned to them. The demurrers of defendant to these counts were properly overruled by the court. L. & N. R. R. Co. v. Blankenship, 199 Ala. 521, 74 So. 960; Ex parte A. C. L. R. R. Co., 190 Ala. 132, 67 So. 256; North Carolina R. Co. v. Zachary, 232 U. S. 248, 34 S. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159; Kreigh v. Westinghouse, Church, Kerr & Co., 214 U. S. 249, 29 S. Ct. 619, 53 L. Ed. 984.

[2] The defendant filed 14 pleas to these counts. Plea 1 was the general issue, and the court sustained demurrers of plaintiff to the other 13 pleas. These rulings of the court are assigned as errors. The appellant in his brief refers to these 13 rulings of the court, and these 13 assignments of error as follows:

"Assignments of error 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17. These assignments of error have to do with the court's action in sustaining plaintiff's demurrers to defendant's pleas, which demurrers are on pages 19 and 20 of the transcript, and pleas on pages 16, 17, and 18.

"In order not to unduly lengthen this brief, we will not fully argue these demurrers, but respectfully insist that the pleas setting up defendant's various defenses are well drawn, and in fact practically copied from decisions of this court, and that the demurrers should have been overruled."

These assignments of error must be treated as waived, because appellant failed to insist on them by argument. They were not elaborated in brief. What is written thereon above by appellant is not sufficient to require this court to discuss and analyze each of the 13 pleas to see if any one is sufficient under the demurrers. No argument is presented, and no authority is cited to show the court erred in any of the rulings. These assignments of error will be disregarded and not discussed. Ga. Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Republic I. & S. Co. v. Quinton, 194 Ala. 126, 69 So. 604; W. U. T. Co. v. Benson, 159 Ala. 254, 48 So. 712.

[3] This cause was submitted on motion

to strike the bill of exceptions, and each part thereof, separately and severally from the record, as well as on the merits. The motion states various grounds why the bill of exceptions should be stricken.

The judgment on the verdict of the jury was entered by the court on May 31, 1923. Appellant, defendant, filed motion for new trial on June 16, 1923, which was overruled by a judgment of the court on June 23, 1923. The defendant, appellant, presented a bill of exceptions to the trial judge, which was signed by him marked, "presented to the undersigned this the 18th day of August, 1923." This date of presentation, August 18, 1923, was within 90 days after the final judgment in the cause and within 90 days after the judgment on the motion for new trial. The judge indorsed thereon the true date of presentation, which was within the time—ninety days—allowed by the statute (section 3019, Code 1907).

The bill of exceptions as then presented did not contain the oral charge of the court; it did not contain and set out the different parts of the oral charge of the court to which defendant reserved exceptions; it did not mention the exceptions of the defendant to parts of the oral charge of the court; and it did not mention the motion for new trial, the ruling of the court thereon, and the exception of the defendant to it. The defendant on November 10, 1923, presented to the presiding judge as an amendment to the original bill of exceptions the oral charge of the court, the parts thereof excepted to by the defendant, the exceptions of the defendant to them, the motion for new trial, judgment of the court thereon and the exception of defendant thereto. The plaintiff objected to the allowance of these amendments, because they came too late, which objections the judge overruled, and allowed and approved these amendments to the bill of exceptions, and attached them thereto as part thereof. The bill of exceptions states:

"The bill of exceptions, as originally prepared and presented to the judge on the 18th day of August, 1923, did not contain any of the matter and things set out hereinafter, viz. the court's oral charge to the jury, the exceptions thereto, the motion for a new trial, the acceptance of service thereof, the orders of the court on same, and exceptions thereto. These matters and things were offered as an amendment to the bill of exceptions on November 10, 1923, after same had been presented to the judge, and after expiration of time for presenting the bill of exceptions, the plaintiff objected to the allowing of such amendment to the bill of exceptions on the ground that it came too late, the judge overruled the objections, and allowed and approved the amendment of the bill of exceptions to include all the following matters and things, and plaintiff excepted to this action of the judge, and plaintiff reserves the right to raise the question in any proper way.

"Now comes the defendant within the time required by law, and presents this as a true bill of exceptions in said cause, and prays that the same may be signed as such.

"Presented to the undersigned, this the 18th day of August, 1923.

"R. L. Blanton, Judge.

"Signed and approved as a correct bill of exceptions, this the 13th day of November, 1923.

"R. L. Blanton,
"Judge 14th Judicial Circuit."

[4] It appears from the amended bill of exceptions that the defendant reserved 5 separate exceptions to 5 different parts of the oral charge of the court, and an exception to the judgment of the court overruling the motion for new trial, all of which by the amendment became a part of the bill of exceptions, which was signed and approved by the trial judge on November 13, 1923. The judge attaches them to the bill of exceptions, refers to them in the body of the bill of exceptions, and this makes and identifies them as a part thereof. In Tapia v. Williams, 172 Ala. 23, 54 So. 615, this court wrote:

"It is not to be understood, however, that the appellant may, after the lapse of 90 days, change his bill by the incorporation of other exceptions."

In Pan American Life Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75, this court wrote:

"While the bill was corrected in some particulars, no new ground of alleged error, no new exception, was incorporated therein, so that the motion to strike falls squarely within the rule laid down in Tapia v. Williams, 172 Ala. 18, 54 So. 613."

The bill of exceptions on its face affirmatively shows the trial judge permitted the appellant to change the original bill of exceptions by adding other (6) exceptions therein. This change was presented and offered by the appellant, and approved by the judge more than 90 days after the judgment in the cause, and more than 90 days after the judgment on the motion for new trial. The changes came too late; they were presented to the trial judge after the time, 90 days, allowed by the statute (section 3019, Code 1907) within which to present a bill of exceptions. These 6 new grounds of alleged error and these 6 new exceptions should not have been allowed when presented, because they came too late, and they should not have been incorporated in the bill of exceptions. The bill as presented after the allowance of these exceptions, was changed after the time allowed for presenting it. In Ex parte Nelson & Kelly, 62 Ala. 376, 379, this court wrote:

"Bills of exceptions, when signed by the presiding judge within the time prescribed by law, become a part of the record of this court when the case is brought here by appeal. Like all other records, they import absolute verity, and cannot be altered, after their execution, by the

judge who presided on the trial, or by proof in this court showing errors committed therein."

See, also, L. & N. R. R. Co. v. Malone, 116 Ala. 600, 22 So. 897.

[5] The bill of exceptions, as signed, shows on its face that it is different from the bill of exceptions that was presented originally; it shows on its face that as signed it contained 6 additional exceptions not presented in the original bill; and it shows on its face that these 6 additional exceptions were presented to the trial judge by appellants and incorporated in the bill of exceptions long after the time, 90 days, allowed by the statute for presenting it. This bill of exceptions must stand or fall in its entirety. It cannot be altered by us. We cannot strike a part thereof as not presented in time and sustain a part as presented in time. In Gunter v. Pollak, 169 Ala. 594, 53 So. 1002, Justice McClellan, individually, concurring in the conclusion of the court, wrote:

"If a bill, in a given case, is signed by the presiding judge within the time prescribed by law, and if, as is certain, a bill so signed becomes a part of the record of this court, and cannot be altered anywhere at any time, the writer cannot see how such a record can be altered by striking a part thereof, and then, by motion to establish, substitute for that stricken another record, in whole or in part. Where the law forbids a direct process, that process cannot be pursued by indirection."

[6] The requirement of this statute (section 3019, Code 1907) is mandatory as to the indorsement of the true date of presenting the bill of exceptions by the judge thereon under the decisions of this court. Box v. Southern Ry. Co., 184 Ala. 598, 64 So. 69; Edinburgh v. Canterbury, 169 Ala. 444, 53 So. 823. A part of the exceptions incorporated in this bill was presented in time, and appellant, after the time allowed for presenting the bill of exceptions, changed it with the consent of the judge by incorporating in it other exceptions, and, as thus changed, it was signed by the judge. As thus signed, it was not the bill of exceptions which was presented and indorsed by the judge within the 90 days as the statute requires and the rule in Tapia v. Williams, 172 Ala. 18, 54 So. 613, contemplates. Section 3019, Code 1907; Pippin v. Perry, 206 Ala. 582, 91 So. 307; A. C. L. v. Burkett, 207 Ala. 344, 92 So. 456; Sorsby v. Wilkerson, 206 Ala. 190, 89 So. 657, and authorities, supra. It results from the foregoing authorities that the motion to strike the bill of exceptions from the record should be and is granted.

[7] The other errors assigned, necessary to be mentioned, are based on written charges given by the court for the plaintiff, and written charges refused by the court that were asked by the defendant. With no bill of exceptions in the record, the evidence in-troduced before the jury is not before this court, and with the record in this condition, "this court will presume any state of the evidence which will sustain the giving or refusal of an instruction by the trial court." Beard v. DuBose, 175 Ala. 411, 57 So. 703, 63 So. 318; Lewis L. & L. Co. v. Interstate L. Co., 163 Ala. 592, 50 So. 1036. Without the evidence, we cannot affirm the court erred in giving any of the written charges of plaintiff, or that the court erred in refusing to give any of the written charges of the defendant as they appear in the record. A separate discussion of each charge is unnecessary in this opinion.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.