189 So. 76

## BURFORD v. GORDON.

### 6 Div. 439.

Supreme Court of Alabama.

May 18, 1939.

W. Emmett Perry and Caesar B. Powell, both of Birmingham, for appellant.

Beddow, Ray & Jones, of Birmingham, for appellee.

BOULDIN, Justice.

Appellant sued appellee in trespass.

The complaint charged that defendant, with officers of the law, entered upon the premises occupied by plaintiff as his home, took and carried way his household goods, removing them from the premises, &c.

Defendant pleaded the general issue, and special plea, No. 2, justification under legal process, namely, a writ of restitution in unlawful detainer.

Plaintiff interposed demurrers to these pleas, separately and severally.

The demurrers were overruled. Because of this adverse ruling, plaintiff took a nonsuit and appeals.

Plea No. 2 avers the issuance of a writ of restitution, out of the Justice Court of R. M. Turner. The writ of date March 12, 1936, is then set out.

It commands the officer to "restore to L. Gordon possession of the lands and tenements which L. Gordon recovered of Sam Burford in an action of unlawful detainer before the Justice Court of R. M. Turner on the 20th day of Aug. 1934, at Adamsville, to-wit:

"One (3) Room Frame house in precent [precinct] 39, (350) feet North S. E. Corner of S. W. ¼ of N. E. ¼ running 198 feet West, South 198 feet, the house that Sam Burford know [now] lives in." It further recites that the house that Sam Burford lived in at the time the writ was issued was located on the lands described in plaintiff's complaint in this cause.

The plea then avers execution of the writ by a lawful officer and his return, and concludes: "Wherefore this defendant says that the alleged trespass upon which the plaintiff's complaint is founded was justified by valid process issued out of a court of competent jurisdiction, and the defendant files this plea in justification and prays that he be permitted to go hence with his cost in this behalf expended."

There is no averment touching the judgment in unlawful detainer except the recitals in the writ.

The case of Olmstead v. Thompson, 91 Ala. 130, 8 So. 755, seems decisive that this plea is lacking in proper averments showing a valid judgment in unlawful detainer. It was there held: "While it is sufficient for the sheriff, or other officer executing the process, to plead and prove the execution, without the judgment, in a

plea of justification for an alleged trespass, the rule is different where pleaded by the plaintiff in a former suit, as here, or a stranger to the process issued. He must not only prove the execution, but also the judgment, and, where he is compelled to prove it in a plea of justification, he is required to plead it. 1 Wat.Tresp. § 467; Dennis v. Snell, 54 Barb. [N.Y.], 411; Shaw v. Davis, 55 Barb. [N.Y.] 389; 2 Greenl.Ev. § 629."

And again: "In describing the judgment, the plea should give the parties, the date, the justice by whom it was rendered, the amount, when for money, and aver the fact of its rendition; or else the judgment itself may be set out in hæc verba. Masterson v. Matthews, 60 Ala. 260."

That case was quite analogous to this, an action of trespass, with plea of justification under writ of restitution in unlawful detainer. The writ itself contained substantially the same recitals as in this case. The cause was reversed on the specific ground that the plea should have more fully described the judgment on which the writ issued.

By that decision, the plea in this case should have described the judgment, by giving the names of the parties, the date, the Justice by whom it was rendered, the description of the property, and averring the fact of its rendition.

 True, as often held, this court takes judicial notice of Justices of the Peace in office at a given time, and their respective territorial jurisdictions.

In pleading the judgment, however, the plea should disclose the rendition of a judgment by a Justice having jurisdiction of the parties and the subject matter. The recitals of the writ, while sufficient to protect the officer, are not sufficient as to the plaintiff, who must aver and prove a valid judgment entitling him to the writ.

While the calls of courses and distances in the writ, standing alone, are fatally uncertain, and inadequate to identify the premises, the designation of the property as "The House that Sam Burford *know* lives in," is sufficient to enable the officer to proceed to remove therefrom the effects of the defendant named in the writ, the matter for which damages are claimed. The word "*know*," from its context, clearly means "now."

We conclude the writ was not void on its face. Pippin v. Perry, 206 Ala. 582, 91 So. 307; Lessley v. Prater, 200 Ala. 43, 75 So. 355.

Appellee, in brief, points out that plea No. 1, the general issue, was not subject to the demurrer, and relies upon the rule that a demurrer addressed to several pleas is properly overruled if any one of them is not subject to the demurrer interposed. This rule has no application to demurrers addressed to pleas "separately and severally" as in this case. This invokes a ruling as to each plea, and should be overruled as to one and sustained as to the other, as if a separate set of demurrers were addressed to each plea.

The assignments of error in like form were sufficient to present the ruling as to plea 2.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.