# Loeb v. Huddleston.

*Action to recover　Statutory　Penalty.*

105　257
121　469

105　257
127　156
105　257
137　193.

1.　*Evidence; transcript from mortgage record and certificate of probate judge admissible to prove fact of mortgage being recorded.*—In an action to recover the statutory penalty imposed upon a mortgagee, or the transferee of the mortgage debt, who fails for 30 days after written request by the mortgagor to enter on the margin of the record of the mortgage the date and amount of partial payments made on the mortgage debt, (Code, § 1868), a transcript of said mortgage from the record and the certificate thereto signed by the probate judge, reciting the recording of said mortgage, are admissible in evidence in proof of the essential fact that said mortgage had been recorded.

2.　*Same; secondary evidence of notice.*—Where, in an action to recover the statutory penalty imposed by section 1868 of the Code of 1886, there is evidence tending to show that the plaintiff had made a request in writing upon the defendant to enter partial payments on the mortgage debt upon the margin of the record of the mortgage, and that such written request was in the possession or under the control of the defendant, and it is shown that the plaintiff served notice on the defendant to produce said written request at the trial, which he failed to do, oral evidence of the contents of said request is admissible in evidence.

3.　*Same; permissible to　prove that notice was left at his place of business and its contents.*—In such an action, where the written request to enter the partial payments on the margin of the mortgage record was left at defendant's place of business with his agent, or with one supposed to be his agent, evidence that the defendant was informed that said written request was left at such place and was also informed of its contents is admissible ; such evidence tending to show that the defendant accepted as sufficient the delivery of the request at his usual place of business, and as tending to raise an inference that such written request came to his knowledge or possession.

4.　*Same; burden of proof; when error without injury.*—Where the burden of proving a certain fact rests upon defendant, the admission of illegal evidence by plaintiff to disprove such fact is error without injury ; and where in an action to recover the statutory penalty for failing upon written request to enter partial payments on a mortgage debt upon the margin of the mortgage record, (Code, § 1868), the defendant offers no evidence that the alleged partial payments had been entered on the margin of the mortgage record, as requested, it is error without injury to admit illegal evidence introduced by plaintiff to negative the fact of such entry ; the burden of proving such fact resting on the defendant.

·17·

[Loeb v. Huddleston.]

5. *Action to recover statutory penalty for failure to enter partial payments on mortgage record; charge to jury.*—In an action to recover the statutory penalty for failing, upon written request, to enter partial payments made on a mortgage debt upon the margin of the mortgage record, a charge asserts a correct proposition, and is properly given which instructs the jury, that "If the jury believe from the evidence that the defendant had written notice, whether received from an agent or otherwise, to enter credits upon the margin of the record, and failed to enter said credits, then they must find for the plaintiff, if the jury are satisfied that payments were made on said mortgage before request made."

6. *Same; same.*—In such a case, a charge which authorizes a verdict for the defendant if he received no written request, though his failure to receive such request was due to the default of his clerk, to whom it had been given and to whom he was informed it was given for him, is erroneous and properly refused.

7. *General affirmative charges* should never be given when there is material conflict in the evidence.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This action was brought by the appellee, W. A. Huddleston, against M. Loeb, to recover the statutory penalty of two hundred dollars, for the defendant's failure, for more than thirty days, to enter partial payments on the margin of the record of a mortgage, which was executed by the plaintiff to Loeb & Weil, and subsequently transferred to the defendant. The defendant pleaded the general issue, and issue was joined thereon.

Upon the trial of the case, as is shown by the bill of exceptions, in order to prove the recording of the mortgage involved in the suit, the plaintiff offered in evidence a paper which purported to be the regularly certified transcript of said mortgage from the records of Elmore county. The certificate to said transcript was signed by the judge of probate of said county, and recited the recording of a mortgage from the plaintiff to Loeb & Weil, and that there were no marginal notes or memoranda of credits upon the margin of the record of said mortgage. The defendant objected to the introduction of the transcript and certificate in evidence, upon the ground that such evidence was illegal. The court overruled this objection, and the defendant duly excepted. The defendant then testified that he had paid ninety-six dollars on said mortgage, and that on May 31, 1893, he went to the store of the defendant in the city of Montgomery, Ala-

[Loeb v. Huddleston.]

bama, with an envelope which contained three written notices, one addressed to Loeb & Weil, and one addressed to the defendant, requesting them, respectively, to enter satisfaction of said mortgage upon the records, and one notice addressed to defendant notifying him to enter on the margin of said record the said payments he had made on the said mortgage ; that he handed said envelope containing said papers as aforesaid to one Lehman, who was in the store of said defendant, and had 'the appearance of being a clerk there. The defendant objected to the testimony of the witness as to the third notice addressed to M. Loeb, upon the ground that the same was secondary evidence, and no predicate had been laid therefor. The plaintiff then produced a notice, which was accepted by the attorney of record of the defendant, in which he demanded of the defendant that he produce on the hearing of the cause the original notice, served on him before the commencement of the suit, to enter credits upon the margin of the record of the mortgage. The court overruled the defendant's objection to the testimony referred to, and the defendant duly excepted. The plaintiff further testified that he left the store of the defendant, and as he was walking up the street he met the defendant, and said to him, that he had left some papers for him in his store ; that the defendant said he would get them, and the plaintiff thereupon told the defendant that said papers contained a demand to make entry of the partial payments of the mortgage debt upon the record of said mortgage. The defendant objected to this testimony, on the ground that the statute required such notices to be given in writing, and on the ground that the same was illegal. The court overruled the objection, and the defendant duly excepted. The plaintiff and another witness testified that they had examined the record of said mortgage, since the commencement of this suit, and that there were no entries of credit thereon. The defendant objected to this testimony of each of the witnesses, on the ground that no record of said mortgage had been proven, and that the testimony was illegal. The court overruled the objections, and the defendant duly excepted.

One Broadnax, a witness for the defendant, testified that he was the defendant's book-keeper on May 31, 1893, and was in the store on the day the plaintiff handed

the envelope to Lehman; that Lehman brought the same to him, and that Lehman could not have taken anything from the envelope before it was delivered to him. That he opened the envelope and took therefrom two notices, one addressed to Loeb & Weil, and one addressed to M. Loeb; that both of said notices were to enter satisfaction of said mortgage of record, and that said notices were all that was in said envelope, and that he never received any notice addressed to said M. Loeb to enter partial payments upon the margin of the record; that he delivered said two notices, and no other, to said M. Loeb; that the day after said two notices were received he endorsed upon the said notice to Loeb & Weil, the following entry: "This notice with one to M. Loeb, Esq., was handed to me on May 31st, 1893, by Dr. Huddleston to be turned over to M. Loeb;" that said notice to M. Loeb referred to in said entry was the said notice to M. Loeb to enter satisfaction of said mortgage, and that he never received any other notice addressed to him. Said Broadnax then identified two notices to enter satisfaction of said mortgage handed to him, as the two notices received by him and taken from said envelope. The two notices handed witness were then introduced in evidence by the defendant. The defendant, as a witness in his own behalf, testified to having met the plaintiff as he was returning to his store on May 31, 1893, and that the plaintiff told him he had left some papers for him in his store, and that when he went to the store he received from his book-keeper, Broadnax, the two notices addressed to the firm of Loeb & Weil and himself, respectively, which are referred to above.

This being all the evidence, the court at the request of the plaintiff gave the following written charge to the jury: (1.) "If the jury believe from the evidence that the defendant had written notice, whether received from an agent or otherwise, to enter credits upon the margin of the record, and failed to enter said credits, then they must find for the plaintiff, if the jury are satisfied that payments were made on said mortgage before request made." The defendant duly excepted to the court's giving this charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury

believe the evidence of Mr. Broadnax, that he never de-livered any other notice to defendant than the two re-quests to cancel the mortgage, they must find for the defendant.''

There was judgment for the plaintiff, assessing his damages at two hundred dollars. The defendant ap-peals, and assigns as error the several rulings of the trial court upon the evidence, the giving of the charge requested by the plaintiff, and the refusal to give each of the charges requested by defendant.

STRINGFELLOW & LEGRAND, for appellant.

No counsel entered as appearing for appellee.

BRICKELL, C. J.—1. The action was brought to recover the penalty of two hundred dollars, imposed by the statute, (Code, § 1868), upon any mortgagee, or the transferee of the mortgage debt, who fails for thirty days after request in writing by the mortgagor, to enter on the margin of the record of the mortgage the date and amount of partial payments which may have been made on the debt. The trial was had on the plea of the general issue, which cast upon the plaintiff the bur-then of proving all the facts essential to a right of re-covery. The record of the mortgage was an essential fact, and of the fact, a transcript from the record, prop-erly certified by the judge of probate, was appropriate, if not the exclusive evidence. The objection to the transcript and certificate offered in evidence, was gen-eral and undefined. Such objections are not favored, and it may be laid down as a general rule, that if the party making them will not particularize, the court may overrule them without casting about to ascertain the grounds upon which it may be intended to rest them.

2. When a writing is in the possession or within the power of an adverse party notice may be given him to produce it on the trial, and if he fails or refuses, secon-dary evidence of its contents becomes admissible. There was evidence tending to prove that the plaintiff had in writing requested the defendant to enter partial pay-ments on the margin of the record of the mortgages, and having a tendency to show that the writing was in the possession, or within the power, of the de-

fendant. Notice having been given him to produce it, and production not following, secondary evidence of the contents was admissible.—1 Green. Ev., § 560; 1 Whart. Ev., § 152.

3. The request to enter partial payments on the record of a mortgage, contemplated by the statute, is in its essence a notice—it performs the office of notice—it communicates to the mortgagee, or the transferee of the mortgage debt, the demand the mortgagor or other party mentioned in the statute has the right to make, that the partial payments be entered on the record. The request must be in writing, unless the party to whom it is preferred waive the writing, assenting to a request made verbally. Any and every species of notice required to be in writing, intended for the benefit and protection of a party, may be waived, and verbal notice accepted as sufficient. The statute does not prescribe the manner in which the request must be brought to the knowledge of the mortgagee or the transferee of the mortgage debt. Personal notice, by which is intended the delivery of the writing to the mortgagee, or the transferee of the mortgage debt, in person, is most usual in practice, and when practicable should be adopted. If another mode is pursued—if the request be left with an agent, or one supposed to be the agent, or at the usual abode, or place of business of the party to be affected, tracing the fact to the knowledge, or the writing to the possession of the party, is the equivalent of a personal delivery.—Wade on Notice, § 640; 2 Taylor's Land. & Ten., § 484. The evidence that the defendant was informed of the delivery of the papers at his place of business, and that one of them, was a notice to enter the partial payments on the record of the mortgage, was not subject to objection. It was not as seems to have been supposed, nor could it have been intended as evidence of a verbal request. It tended to show that the defendant accepted as sufficient the delivery of the notice at his usual place of business, and to raise an inference that the papers came to his knowledge or possession.

4. The burthen of proving the fact, that in obedience to the request, the partial payments had been entered on the record of the mortgage, rested on the defendant. It was a fact lying peculiarly within his knowledge; and as a general rule, when a fact is peculiarly within

[Thompson v. Hartline.]

the knowledge of a party, the burthen rested upon him to prove such fact.—1 Whart. Ev., § 367 ; 1 Brick. Dig. 869, §§ 922-23. The defendant not having given evidence, that the payments had been entered, the evidence of witnesses tending to negative the fact, was merely redundant or superfluous, and if illegal, its admission is error without injury.—1 Brick. Dig, 887, § 1192. .

5. We cannot perceive that the instruction given the jury at the request of the plaintiff, is in any respect erroneous. The instructions requested by the defendant were properly refused. The first, the charge to find for the defendant, if the evidence was believed, is never proper when there is a material conflict in the evidence. The second, when read in connection with the evidence, would have authorized a finding for the defendant, though his failure to receive the notice was the default of his clerk Broadnax.

We find no error in the record, and the judgment must be affirmed.