# Horton v. Barlow.

*Action for Penalty for failing to enter satisfaction on Record of Mortgage.*

1. *Record of mortgage as evidence.*—In an action for the statutory penalty for failing to enter satisfaction on the record of a mortgage, the record is admissible in evidence for the purpose of proving that the mortgage had been recorded, although at the time of the recording thereof, it had not been acknowledged or proved as required by law.

2. *Erroneous admission of evidence cured.*—If the court erroneously admits in evidence the record of a mortgage which is not self-proving, the error will be cured by subsequent introduction of proof of the execution of the mortgage.

27

APPEAL from Conecuh Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

This action was brought by the appellee against the appellant on September 1st, 1894, for the purpose of recovering the statutory penalty of $200.00, for the failure of the defendant to enter on the record thereof, satisfaction of a mortgage executed to him by the plaintiff. The plaintiff, having first shown the mortgage in question to be in possession of the defendant, and demand for its production, offered in evidence the record of the probate court, showing a mortgage corresponding to that described in the complaint. It purported to have been executed on May 5th, 1887, and recorded on May 10th, 1887, but not acknowledged until Nov. 8th, 1887. The defendant objected to the introduction of this evidence on the grounds stated in the opinion, and his objections were overruled. The plaintiff then, having shown the service upon the defendant of a written demand to enter satisfaction on the record of the mortgage, testified that he executed it for the purpose of obtaining advances to make a crop. He introduced evidence to show that it had been fully paid The defendant denied payment, and the main conflict was on an item of $20, the circumstances of which are stated in the opinion. From a judgment for plaintiff, the defendant appealed.

J. C. RICHARDSON, and P. C. WALKER, for appellant.

STALLWORTH & BURNETT and JAS. A. STALLWORTH, contra.

HEAD, J.—Debt by appellee, Barlow, against appellant, Horton, for the statutory penalty of $200, for defendant's alleged failure, upon written request, to enter satisfaction of a mortgage, as required by section 1869 of the Code of 1886. The defendant objected to the introduction of the original record, from the office of the judge of probate of Conecuh county, of what purported to be a mortgage executed by the plaintiff to the defendant, on May 7th, 1887, filed and recorded May 10th, 1887, and acknowledged, in the form prescribed by the statute, on the 8th day of November, 1887—some six months after its registration. The grounds of objection were: 1. The record of the mortgage is not self-proving.

[Horton v. Barlow.]

2. It is not a transcript of the record. 3. The mortgage, as recorded, was not acknowledged or proved as required by law. The court overruled these objections and admitted the said record in evidence, and defendant excepted. As the case is presented by the bill of exceptions, it is not necessary that we pass upon the objections. See, however, as to the second ground, *Huckabee v. Shepherd*, 75 Ala. 342. Evidence was admitted, without objection, showing, without conflict, that the mortgage, the record of which was admitted, was, in fact, executed by the plaintiff to the defendant, and the record of it was admissible to prove the fact that it had been recorded, as averred in the complaint. Hence, if it could be said that there was error in admitting the record, without limitation, in the first instance, the error was cured by the subsequent introduction of proof of the execution of the mortgage of which the record was a copy. *Kendrick v. Latham*, (Fla.) 6 So. Rep. 871; 25 Fla. 819. The mortgage is awkwardly drawn. The most that can be claimed by the appellant is, that it secures the payment of the note therein recited, for $20.50, with the interest thereon ; the cost of probating and recording the mortgage ; all expenses of foreclosure and sale and all future advances that might have been made, *on the mortgage*. At the request of the plaintiff, the defendant paid, for him, to the register in chancery, $20., in a divorce case. The only evidence of the time this occurred was that of the plaintiff, who testified that it was after the mortgage matured. The account introduced by defendant does not show when it was paid. The evidence of the plaintiff tended to show that this $20. was not paid "on the mortgage," but that it was an entirely separate and distinct transaction. It seems that the parties, in the fall of 1887, entered into some timber getting arrangement; and plaintiff's evidence tended to show that they had a settlement of the timber transactions, and in that settlement the defendant charged him with the $20. and he paid it; that the timber transactions had no relation to, or connection with the mortgage. In this state of the record, the defendant requested the court to charge the jury "That the $20. paid Rabb on the divorce is a debt secured by this mortgage, if you believe from the evidence that defendant paid said sum after the execution of the mort-

gage as shown by account in evidence before you." It is most manifest the court properly refused the charge.

There is no available error in the record and the judgment of the circuit court is

Affirmed.