# Denton Brothers *v.* Foster.

### Failure to Satisfy Mortgage Record.

### (Decided November 4, 1915.   70 South 152.)

1. **Mortgages; Failure to Satisfy Record; Complaint.**—A complaint seeking to recover the penalty for the failure to satisfy the record of a mortgage upon its payment, states a cause of action if it otherwise identifies the mortgage, although it fails to allege the amount of the mortgage.

2. **Same; Evidence.**—The record of a chattel mortgage is admissible in support of the allegation that the mortgage was recorded, although it was not probated.

3. **Same; Debts Secured; Jury Question.**—Where the mortgage was to secure payment of a note, and other sums that the mortgagor might owe to the payees before the note was paid, and it was made to Denton Brothers, one of whom was a physician who practiced independently of the firm to which the debt was owing by the mortgagor, it was a question for the jury whether the mortgage secured the debt to the physician and whether the payment of the debt due to Denton Brothers satisfied the mortgage.

4. **Same; Instructions.**—Under the evidence in this case, it was proper to instruct the jury that the mortgage in evidence did not secure and cover any doctor's bill for services rendered since the execution of the mortgage.

5. **Same; Extent of Liability.**—Where the evidence of the physician failed to show that his bill for services was to be secured by the mortgage, it was proper to instruct that if it was not agreed by the mortgagor and Dr. Denton at the time of the execution of the mortgage that it should cover the doctor's bill, then the mortgage does not cover that bill.

6. **Same.**—A charge that under the terms of the mortgage, it is broad enough to cover, and does cover every character of indebtedness of the mortgagor to the mortgagee before the mortgagor has paid, was improper as predicated upon an assumption of an agreement not justified by the evidence.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by J. T. Foster against Denton Bros. to recover the penalty for failure to satisfy the record of a mortgage. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911. Affirmed.

The pleadings and the facts sufficiently appear from the opinion. The following charge was given for plaintiff: (3) I charge you that the mortgage in evidence does not cover and secure any doctor's bill for services rendered since the execution of the said mortgage.

[Denton Brothers v. Foster.]

The court also gave charge 4 for plaintiff, as follows: If it were not agreed by plaintiff and Dr. Denton, the defendant, at the time of the execution of the mortgage in evidence that it should cover his doctor's bill, then said mortgage does not cover said doctor's bill, and your verdict should be for defendant.

The following charge was refused to defendant: (4) Under the terms of the mortgage introduced in evidence in this case, it is broad enough to cover, and does cover, every character of indebtedness of the mortgagor to the mortgagee before the mortgagor has paid, and until all the debts covered by said mortgage are paid the mortgage is not paid off in full, and unless said mortgage is paid off in full the plaintiff cannot recover.

O. A. STEELE, and WARD & WEAVER, for appellant. RUSSELL & JOHNSON, for appellee.

McCLELLAN, J.—This action was instituted by the appellee against the appellants, composing a partnership, to recover the statutory penalty for their failure to enter the satisfaction of a chattel mortgage on the margin of the record thereon within the time prescribed, after notice.—Code, § 4898.

(1, 2) The first count omitted to set forth the amount of the mortgage executed by the plaintiff to the firm, a blank space being left therefor. It is now insisted that because of the omission stated the count did not set forth a cause of action. It is not essential to the sufficient statement of a good cause of action to recover the penalty described by the statute (section 4898) that the amount of the mortgage debt be allowed. A sufficient description of the mortgage, for the purposes of the action, may be set forth without averring the amount of the debt secured by the mortgage. See *Williams v. Bowdin,* 68 Ala. 126; *Johnson v. Frix,* 177 Ala. 251, 58 South. 427. The record of the mortgage—even though the instrument was not self-proving and though the mortgage was not probated for record—was not erroneously admitted in evidence in support of the allegation that it was recorded.—*Steiner v. Snow,* 80 Ala. 45; *Horton v. Barlow,* 108 Ala. 417, 18 South. 890. The plaintiff, the mortgagor, himself testified that he executed the mortgage; and there was no questioning of this fact on the trial.

(3) The mortgage by its terms purported to secure "the payment of this note and other sums I may owe the payees be-

[Denton Brothers v. Foster.]

fore this note is paid." The payees were Denton Bros., and not Dr. Denton, who was a physician practicing his profession independently of the mercantile firm to which the mortgage was made. It was contended that the plaintiff had not paid the mortgage in full, because he had not paid in full a physician's bill to Dr. Denton. The doctor testified that the plaintiff agreed that the bill for medical services should be secured by this mortgage to the firm. The medical bill appears to have been claimed as for services to the plaintiff and his family and to one Burton who was ill at plaintiff's home. The plaintiff contended that the mortgage debt did not include any part of his bill for medical services, and that this matter was entirely distinct from the mortgage debt to the firm, that he made no such agreement as the doctor affirmed, and that he was not due the doctor or the firm anything because of services to Burton. Under the evidence the issue of payment vel non of the mortgage debt was for the jury; and within it was the further issue, viz., what constituted and what was the mortgage debt to the firm, which was likewise a matter necessary to be sumitted to the jury.

(4) The court correctly gave charge 3 at the request of the plaintiff. Its effect consisted with the testimony of Dr. Denton. As has been indicated, his testimony necessarily only referred the matter of the inclusion of the claim for medical services to a demand or demands that accrued up to the execution of the mortgage. The terms of the mortgage and his testimony forbid the acceptance of any idea that the mortgage was given to secure the payment of bills for medical services rendered subsequent to the execution of the mortgage.

(5) Upon like considerations there was no error in giving charge 4 upon plaintiff's request.

(6) Charge 4, refused to defendant, was predicated of an assumption not justified by the evidence, viz., that the mortgage was given to secure the payment of bills incurred or to be incurred for medical services subsequent to the execution of the mortgage.

None of the assignments of error insisted upon in brief for appellants are well taken. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.