(98 South. 468)

DRIVER v. FITZPATRICK.    (5 Div. 863.)

(Supreme Court of Alabama.   Dec. 20, 1923.)

Exceptions, bill of ⚮41(6)—Mandatory that bill of exceptions be indorsed, showing presentation within 90 days.

Where final judgment was rendered March 28th, and bill of exceptions was signed by presiding judge August 6th, and there appears no indorsement of the trial judge as to the presentation of the bill of exceptions, the bill was not signed as a correct bill of exceptions within 90 days from the rendition of the judgment, as mandatorily required by Code 1907, § 3019, and cannot be considered.

Appeal from Circuit Court, Chilton County; W. M. Lackey, Judge.

Action in ejectment by Mary S. Fitzpatrick, by her next friend, H. T. Fitzpatrick, against Rebecca J. Driver. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 209 Ala. 34, 95 South. 466.

Thos. A. Curry, of Clanton, for appellant. James S. Edson, of Montgomery, for appellee.

In view of the decision, it is unnecessary that briefs of respective counsel be here set out.

GARDNER, J. Suit in ejectment by appellee against appellant; this being the second appeal in this cause. Driver v. Fitzpatrick, 209 Ala. 34, 95 South. 466. The final judgment in the instant case was rendered March 28, 1923, and the bill of exceptions was signed by the presiding judge August 6, 1923. However, there appears no indorsement of the trial judge as to the presentation of the bill of exceptions. The foregoing dates disclose that the bill was not signed as a correct bill of exceptions within 90 days from the rendition of the judgment.

"Under the decisions of this court the indorsement in question is a mandatory requirement of the statute (Code 1907, § 3019), without which there is in fact no bill of exceptions. Edinburgh-American L. M. Co. v. Canterbury, 169 Ala. 444, 53 South. 823, and cases therein cited. Such a showing is jurisdictional, and without it this court cannot consider the assignments of error presented by the pseudo bill. * * * The seasonable presentation of the bill to be evidenced by the bill itself, remains a jurisdictional fact, and therefore is not waived by the submission of the cause without a formal motion by the appellee to strike it from the file." Box et al. v. Southern Ry., 184 Ala. 598, 64 South. 69.

This rule has been consistently followed. Brannan v. Sherry, 195 Ala. 272, 71 South. 106; Williams v. State, 205 Ala. 76, 87 South. 530; Pippin v. Perry, 206 Ala. 582, 91 South. 307.

The result is that under these authorities we have before us no bill of exceptions.

The assignments of error argued in brief by counsel for appellant are such as can only be reviewed by the bill of exceptions; there being no rulings on pleadings or matters of record character.

The judgment of the court below will therefore be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes