(136 So. 740)

## LAMBERT v. BOWMAN-MOORE HAT CO.

### 5 Div. 78.

Supreme Court of Alabama.

Dec. 11, 1930.

See also Lambert v. Bowman-Moore Hat Co., post, p. 420, 136 So. 741.

Huddleston & Glover, of Wetumpka, for petitioner.

Oakley W. Melton, of Wetumpka, for respondent.

SAYRE, J.

This petition for certiorari to the Court of Appeals seeks to review an order of that court striking appellant's bill of exceptions. The facts, as we are able to gather them from the transcript of the record, are as follows:

The cause was tried before a jury February 28, 1927. No judgment was rendered until July 30, 1928, when the court rendered judgment for plaintiff, appellee. August 27, 1928, appellant filed his motion for a new trial. This motion was duly continued from time to time and was overruled January 26, 1929. Appellant duly excepted. Appellant presented his bill of exceptions April 25, 1929, and it was approved by the trial judge May 25, 1929. In the interval between the trial and the rendition of judgment, that is, in the interval between February 28, 1927, and July 30, 1928, appellant moved the court to grant a new trial, which motion was brought to the attention of the court on March 30, 1927, and overruled June 25, 1927. It will be observed that on the last-mentioned date judgment had not been entered.

The statute, section 6433 of the Code, provides that: "Bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered, and not afterwards," and further "presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

It will be noted that the order of the Court of Appeals striking appellant's bill of exceptions is based upon the fact that it was not

presented within ninety days of the ruling on the motion for new trial and the judgment rendered thereon and ignores the fact that another motion was made and ruled upon after judgment rendered, that is, after July 30, 1928, and within the time after that judgment provided by the statute. The language of the statute, as has been noted, dates the time within which bills of exception must be presented from "the day on which the judgment is entered." The judgment here is that appellant was entitled to have the trial reviewed by the bill of exceptions presented after judgment entered and should not have been concluded by the fact that a motion for a new trial had been heard and overruled at a time when there was no judgment to be reviewed. Appellant was within the terms of the statute governing the presentation of bills of exceptions when he filed the bill of exceptions which the Court of Appeals ordered to be stricken. That judgment, therefore, was misconceived.

The judgment here is that the writ should be awarded to the end that appellant may bring under review the final judgment overruling his motion for a new trial and as well the various rulings to which exceptions were properly reserved at the trial.

Writ awarded.

All the Justices concur.