12 So.2d 743

## CLARK v. HENDERSON.

### 4 Div. 277.

Supreme Court of Alabama.

March 18, 1943.

Rehearing Denied April 15, 1943.

238

Powell & Fuller, of Andalusia, for appellant.

Mizell & Pearson, of Andalusia, for appellee.

THOMAS, Justice.

The submission was on the motion and on merits. The grounds of the motion to strike the bill of exceptions, among other things, are:

"For that the Record on this appeal, to-wit: page 18 of the Transcript, affirmatively shows a failure on the part of the appellant, who is the party filing the bill of exceptions herein, to furnish a copy thereof to the adverse party or his attorney and that no endorsement to that effect was made upon the bill of exceptions, in that portion of the trial court's order appearing on said page 18 and reading as follows:

" 'Although the proof and the above sworn motion show that the party filing said bill of exceptions did not furnish to the adverse party or his attorney a copy thereof, and that no endorsement to said effect appears upon said bill of exceptions, I take it, this matter addresses itself to the Appellate Court on proper motion.' "

See Code 1940, T. 7, § 822.

The original bill of exceptions is before us. It concludes as follows:

"The above motion for a new trial having been regularly heard and presented to the Court on November 5th, 1941, and held for further consideration, and the same being in all things considered and understood by the Court, it is now Ordered and Adjudged that the said motion be, and it is hereby overruled and denied, and the defendant excepts.

"Done at Andalusia, Ala. this December 29th, 1941. Robert S. Reid, Judge.

"The above and foregoing is all the evidence in this cause on the main trial of said cause and the motion for a new trial. Presented this 9th day of March, 1942. Robert S. Reid, Judge. Signed and approved this May 6, 1942. Robert S. Reid, Judge. Filed in this office this 6 day of May, 1941, Solomon Tisdale, Clerk."

The endorsement of the clerk above set out is in accordance with the statute. No question is raised as to the correctness of the respective dates. The provisions of the statute touching this motion are codified and annotated in Code of 1940, T. 7, § 822.

The answer and affidavits of the appellant attorney in opposition to the motion to strike the bill of exceptions show the material and controlling facts. The decisions as to perfection of bills of exception are well understood.

The judgment in question is that pronounced by the court. Russell v. State, 202 Ala. 21, 79 So. 359.

The ninety days in which a bill of exceptions may be filed, within the statute, runs from the final order on final motion. Lambert v. Bowman-Moore Hat Co., 223 Ala. 1, 136 So. 740. The bill of exceptions may not be corrected so as to incorporate new exceptions or grounds of error. Illinois Central R. Co. v. Posey, 212 Ala. 10, 101 So. 644. The time for presenting the bill of exceptions embraces the last day, the first day being excluded. Rice v. J. H. Beavers & Co., 196 Ala. 355, 71 So. 659. Daylight saving time does not shorten this required time. Ellard v. Goodall, 203 Ala. 476, 83 So. 568. Such are the rulings of long standing relative to the filing of bills of exception.

It is further decided: "According to our cases the failure to· observe this section [Code 1940, T. 7, § 822] *as to time for presenting bill of exceptions* may be shown by parol, and, being shown, must result in the bill being stricken. Buck Creek Lbr. Co. v. Nelson, 188 Ala. 243, 244, 66 So. 476. This failure may also be shown by affidavit. Johnson v. Frix, 177 Ala. 251, 58 So. 427." [Italics and brackets supplied.]

We find no decision on the motion insisted upon by appellant, but Code 1940, T. 7, § 822, p. 697, carries the following annotations:

"It may be shown by affidavit that a bill of exceptions was not presented and signed within time allowed by law, although it appears on its face to have been presented to and signed by the trial judge within such time. Johnson v. Frix, 177 Ala. 251, 58 So. 427, Mayfield and Simpson, JJ., dissenting.

"It may also be shown by parol evidence. —Parol evidence is admissible to show that a bill of exceptions was not presented or signed within the time required by this section, although it purports on its face to be valid. See Leeth v. Kornman, etc., Co., 2 Ala.App. 311, 56 So. 757. See also catchline infra, 'Proof of this failure may be shown by parol evidence,' * * *.

"Noncompliance invokes jurisdiction of supreme court.—Proper and seasonable motion to strike bill of exceptions, alleging that it was not signed within mandatory terms of this section, invokes jurisdiction of supreme court to that end under § 824 of this title. Battle v. Wright, 217 Ala. 354, 116 So. 349."

Such are the analogies to be found under the decisions construing the statute in question. Pertinent provisions of the statute are Code 1940, T. 7, §§ 822, 824 and 827, which are to be construed in pari materia, that the ends of justice may be met.

We find that no injustice has been done the appellee by the manner or method of presentation of the bill of exceptions in the instant case, and in the failure to furnish to the adverse party or his attorney a copy thereof. The failure to endorse a certificate thereon to that effect, over his signature, worked no hardship as it is shown appellee had the bill of exceptions in his possession and corrected the same before it was returned to the trial judge for his signature. Code 1940, T. 7, § 822. The adverse parties were duly informed of the contents of the bill of exceptions presented, signed and filed, as required by

law. The power to strike a bill of exceptions is contained in Code 1940, T. 7, § 827. This is shown by the answer of appellant to the motion to strike the bill of exceptions, as follows:

"The Appellee's attorney accepted from the Court the Original bill of exceptions, examined it, criticized it, and corrected it, and not until after the lapse of ninety days after it was presented to the Court did he raise any objection to the manner in which it was presented, therefore, he is now estopped to complain of the manner of presenting said bill of exceptions, but has waived strict compliance with the provisions of the statute by his own action in dealing with said bill of exceptions.

"The bill of exceptions was presented to the Court on March 9th, 1942, twenty days prior to the expiration of the ninety day period, that said bill of exceptions was turned over to appellee's Attorney, who, without raising any objection to the manner of presenting them, proceeded to correct it by interlineation, in ink, in his own handwriting by adding to and striking from said bill of exceptions as prepared and presented, all of which could have been done and the bill of exceptions approved, as was approved, and filed with the Clerk within the ninety days, therefore, the Appellee has waived any and all irregularities as to presenting the bill of exceptions, it not being shown that he has been prejudiced thereby. Appellant further says that Appellee's action in correcting the Bill of Exceptions, without objection timely interposed, and withholding same until after expiration of ninety days, he is estopped from taking advantage of any irregularity in presenting or filing of the said bill of exceptions."

The old provisions of the Code of 1907 were revised in the Code of 1923, § 6433, and the Code 1940, T. 7, § 822 has been amended as indicated in the editor's note, at page 692, where it is said:

" * * * Also a provision has been added that the party filing the bill of exceptions must furnish the adverse party with a copy and certify on the original that he has done so. It has been further provided that the judge may sign the bill of exceptions anywhere in the state.

"In Driver v. Fitzpatrick, 210 Ala. 500, 98 So. 468, it was held that the indorsement of a presentment of a bill of exception is mandatory and jurisdictional. As the indorsement is jurisdictional, it is not waived by a submission without a motion, by the appellee, to strike it from the files. See also, Williams v. Goodyear Tire, etc., Co., 207 Ala. 335, 92 So. 471. These cases were decided prior to the revision of § 6434 (now § 827 of this title) when the provision for waiver of time of presentment was inserted in that section. It seems that it is mandatory that the bill of exceptions be presented, the presentment indorsed by the clerk or the judge, and the bill signed by the judge. Although these requirements are mandatory the time fixed by this section, for answering such requirements may be waived under § 827 of this title."

And § 827 of T. 7, Code 1940, p. 703, is as follows: "The appellate court may strike a bill of exceptions from the record or file because not presented or signed within the time required by law, but shall not do so ex mero motu, but only on motion of a party to the record or his attorney; the object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exception."

And the Editor's note follows: "This section is restrictive, and not enabling, and its only purpose and effect is to prevent the appellate court from striking bills not presented and signed within the time prescribed by law, ex mero motu, as was formerly the practice. It does not change the mandatory character of the provisions of § 822 of this title, nor arm the appellate court with any discretion with respect to the granting of a motion properly made and seasonably invoking the mandatory rule of the statute. See Ex parte Hill, 205 Ala. 631, 89 So. 58."

The case of Hudson v. State, 243 Ala. 271, 9 So.2d 757, was to the effect that a bill of exceptions which was not signed and approved by the trial judge within 60 days after its filing as prescribed by statute would be stricken on motion of the state. Code 1940, T. 7, § 822. That where a bill of exceptions was so stricken and the record proper appeared to be regular, conviction was affirmed. With this understanding of the case, the petition for certiorari was denied in Hudson v. State, 243 Ala. 271, 9 So.2d 757. To the same effect is Hill v. State, 30 Ala.App. 542, 9 So.2d 33, where the ruling was rested on the fact that the bill of exceptions was not presented to the trial judge within 90 days from the entry of the judgment, and not

being approved by the trial judge was stricken.

■ The failure to furnish the adverse party or his attorney with a copy of the bill of exceptions can be waived. As this was done in this case, the motion to strike the bill of exceptions is overruled.

■ The original complaint contained four counts. In count one distinct and separate causes of action are set up as to the mortgages executed by plaintiff and his wife, and a mortgage executed by the plaintiff alone. The failure to satisfy a mortgage executed by plaintiff and wife involved a joint action, whereas the failure to satisfy the mortgage executed by plaintiff involved a separate cause of action. Demurrers should have been sustained as were thereto directed. Jarratt v. McCabe, 75 Ala. 325. In the Jarratt case it is declared that the right to sue for penalty is a joint one given to both of the mortgagors, who are entitled to join for recovery. Wills v. Cleghorn, 215 Ala. 701, 110 So. 917; Wilkerson v. Sorsby, 201 Ala. 182, 77 So. 708; Jowers v. Brown Bros., 137 Ala. 581, 34 So. 827; 41 C.J. p. 812, et seq., § 979, and page 817, § 980, entry of satisfaction. It could "not be brought in the name of either alone. Nor would one be entitled to judgment for his moiety, if his co-plaintiff should fail." Jarratt v. McCabe, supra; Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 So. 778; Mayhall v. Woodall, 192 Ala. 134, 68 So. 322; Potts v. Ellis, 238 Ala. 155, 158, 190 So. 73. The amendment eliminated the wife as a party and confined the inquiry to the mortgage described in Counts C and D.

After the ruling on demurrer plaintiff amended by striking counts 3 and 4 and then by adding counts C and D. Count C declares on the mortgage executed by plaintiff to C. S. O'Neal & Sons for $137.50, which mortgage is of date of Feb. 8, 1937, due Oct. 1, 1937, and which was recorded Feb. 12, 1937, in "Mortgage Record 240, page 370," and which was prior to Jan. 1, 1938, duly transferred and assigned to defendant Clark.

Count D was rested upon the mortgage executed by plaintiff to C. S. O'Neal & Sons for $137.50, being the same mortgage declared on in Count C.

■ It is insisted by appellant that after the action of plaintiff in striking counts 3 and 4, that counts C and D should have been stricken for that nothing remained to amend. The action of the trial court in overruling defendant's motion is assigned as error. Such amendment may be made within the rules of pleading, and related to the time of the filing of the original suit. Code 1940, T. 7, § 239; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916. The action is brought under the provisions of Code 1940, T. 47, § 178 et seq. It is established that the mortgage book in the probate office is admissible to show recording of mortgage in question. Steiner Bros. v. Snow, 80 Ala. 45, 46; Denton Bros. v. Foster, 195 Ala. 53, 70 So. 152. The mortgage book is admissible to show that satisfaction has not been entered on the margin of the record in a suit to recover the penalty for failure of satisfaction. A certified transcript of the record is sufficient in any case where there was no error in admitting the original record. Drennen Motor Co. v. Evans, 192 Ala. 150, 158, 68 So. 303; See also 43 C.J. p. 820, § 986.

In Potts v. Ellis, 238 Ala. 155, 190 So. 73, many cases are collected as to the sufficiency of notice required by statute to require endorsement on the record of satisfaction or payment of mortgage which has been paid or satisfied.

■ The burden of proof rests upon the party seeking to recover the statutory penalty for failure, after written demand duly made on mortgagee or transferee, to satisfy the record of mortgages, to show that the mortgage has been fully paid or satisfied; and that in considering the question of full payment or satisfaction, the maxim of de minimis non curat lex cannot be applied. Smith v. Bank of Enterprise, 148 Ala. 501, 42 So. 551.

■ The record where the mortgage is recorded is competent to show whether the mortgage in question (1) was recorded and (2) whether there was entered on the record the fact of payment or satisfaction under provisions of statute. Code 1940, T. 47, § 178; Gay, Hardie & Co. v. Rogers, 109 Ala. 624, 20 So. 37; Steiner Bros. v. Snow, 80 Ala. 45; Williams v. Bowdin, 68 Ala. 126. Such material facts may likewise be shown by a duly certified copy of that record. Code 1940, T. 7, § 391.

■ The bill of exceptions shows the introduction in evidence of a mortgage described as recorded in Mortgage Book 252 in amount of $105. The page of the record is not given. This evidence was offered as showing a debt to the defendant

that was embraced in the mortgage declared upon. It was of subsequent date to the mortgage of Feb. 8, 1937, and is further described of date of May 22, 1937, due September 1st, 1937, and signed by C. M. Henderson and Mrs. Dove Henderson and that T. T. Clark was the mortgagee.

The testimony of plaintiff was to the further effect that he gave a mortgage to S. T. Benton of date of Oct. 31, 1936, for the sum of $137.25; that he gave a mortgage to C. S. O'Neal & Sons of date of Feb. 8, 1937, to secure the purchase price of a mule in the amount of $137.50, and that he gave a mortgage to T. T. Clark of date of May 22, 1937, for $105, which embraced the balance due by him to Clark.

The evidence further shows a prior mortgage by Henderson to Spurlin for the price of a mule that was carried into the O'Neal mortgage. This mortgage was not embraced in the amended counts C and D. The several mortgages, however, tended to effect the application of payments by plaintiff on his debt to the defendant and alleged to have been carried into the mortgage made the subject of the suit.

In explanation of the several mortgages indicated, the evidence tended to show that the defendant took from mortgagor a wagon shown to be of little or no value, some cows and the two mules given as security in the mortgage to Spurlin and to Clark. The evidence is without conflict that Spurlin took one of the mules in question covered by his prior mortgage and hence the payment by Henderson to Clark was not the price of two mules. The value of the mules, Henderson's crop, cows and wagon are given by several witnesses, which Henderson insists paid his mortgage to Clark and Clark insists did not. This dispute as to the fact of full payment or satisfaction presented a question for the jury.

The bill of exceptions recites the facts of alleged predicate shown to have been laid by the plaintiff for the introduction in evidence of copies of the written demand for cancellation of the mortgage declared on and which written notice was served upon the defendant. The witness Hart, testified as to this as follows:

"Yes, I served the notice addressed to Mr. T. T. Clark dated December 30th, 1937, on which appears my signature. A copy of this paper was served on T. T. Clark on January 1, 1938. The plaintiff offered in evidence the notice testified to by the witness to which the defendant objected. The plaintiff thereupon made demand on the defendant for the original copies of the notice. The following proceedings were then had:

"Mr. Mizell: Do you have them in your possession?

"Mr. Fuller: We don't have it right here.

"The Court: If you can't produce it that would make the copy admissible.

"Mr. Fuller: We could have produced it if he had made demand on us sooner.

"Mr. Mizell: We make the demand at this time.

"Mr. Fuller: We think the demand comes too late for Mr. Clark lives at Opp.

"The Court: No, I will let him introduce a true copy of it, if that is a true copy.

"The defendant excepted and assigned the following additional grounds for objection.

"That the copy offered is not an exact copy of the original. The court overruled the objection and the defendant duly excepted."

It will be noted, in the attempted predicate for the introduction of the secondary evidence, that counsel for defendant admitted that he could have produced the paper served upon him if counsel for plaintiff had made the demand for production "on us sooner." And that "We think the demand comes too late for Mr. Clark lives at Opp." We take judicial knowledge of the geographic location of the county seat and that of defendant's residence, which are many miles apart. It was not admitted that the paper sought to be offered was an exact copy of the original. The witness Hart testified that such was the fact with the exception of the parties' names signed thereto. In the one copy of the notice the name was that "of Mr. Henderson," and in the other that "of Mr. Henderson and his wife."

The bill of exceptions recites that the plaintiff made known to the court that he made demand on Mr. Clark [as to the production of said instruments which have been proven in the case to have been delivered to Mr. Hart] on yesterday and plaintiff's counsel asked defendant if he had those papers. Mr. Clark answered, "No sir." He stated he really did not know whether he had them in possession. That

244

he did go to his office and look for them last night and had Mr. Rogers look for them, and that his bookkeeper made diligent search but the clerk who kept the books at the time of the transaction was not with him any more and he did not know whether he could have produced them if he had had sufficient time. "I didn't have sufficient time last night."

 The rule that obtains as to the best evidence, stated by Chief Justice Brickell, is that when the writing is in the possession or within the power of the adverse party, notice may be given him to produce it on the trial, and if such party "fails or refuses," secondary evidence of its contents becomes admissible. In that case it was stated that there was evidence tending to prove that the plaintiff had the writing, requested the defendant to mark partial payment on the margin of the record of mortgages, and that the writing was within the possession or within the power of defendant, that "notice having been given him to produce it, and production not following, secondary evidence of contents was admissible." 1 Greenl.Ev., § 560; 1 Whart.Ev., § 152; Loeb v. Huddleston, 105 Ala. 257, 16 So. 714.

In Drennen Motor Co. v. Evans, 192 Ala. 150, 68 So. 303, it was declared that, it was competent to introduce evidence of the request in writing of the mortgagor for satisfaction, that the mortgage book on which was recorded the mortgage in question was competent to show that on the margin of the record of mortgages there was no entry of satisfaction, and that if a transcript of the record was sufficient, there was no error in admitting the original record.

On the reasonableness of the request for production and the admission of secondary evidence in place of the original, in Sovereign Camp, W. O. W. v. Ward, 196 Ala. 327, 71 So. 404, 405, it was said that a proper predicate must be laid or due notice to produce, given under the statute [Code 1907, § 4058, Code 1940, T. 7, § 487]; that such notice must be given "as will enable a compliance therewith. The documents relating to the proof of death, in Omaha, Neb., could not be produced in Greenville on one day's notice." In the instant case, could the original have been produced on the day's notice if the trial judge had given opportunity? This not having been done, under the predicate we have above indicated, the admission of secondary testimony on this point was such a relaxation of the rule that the writer does not sanction.

 However, the writer accedes to the judgment of the other justices that there was no error committed in the admission of secondary evidence of the contents of the plaintiff's notices to defendant to satisfy, for the reason we have indicated above.

In Loeb v. Huddleston, supra, there is the observation that the trial was had on the plea of the general issue, and such is the case here, which casts upon the plaintiff the burden of proving the facts essential to the right of recovery. The facts as to the payment or satisfaction of the mortgage declared on in the amended counts are disputed. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

The question of material facts under Counts C and D, as for satisfaction after due notice of the mortgage therein declared upon, does not present the question of duplicate originals. In Westbrook v. Fulton, 79 Ala. 510, Mr. Chief Justice Stone stated the rule as to duplicate originals touching the question of primary and secondary evidence. Sandlin v. Anders, 205 Ala. 453, 88 So. 560; Liverpool, London & Globe Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901.

 The failure to introduce the mortgage, made the subject of this suit, as evidence of its recording and failure of satisfaction, is not shown by the bill of exceptions otherwise than by the evidence of the plaintiff. There was no objection by the defendant to this evidence. The mortgage record, or a duly certified copy thereof, not being in evidence, the material facts were supplied by plaintiff's testimony, which facts were not disputed by the defendant. Hence the question of primary or best evidence was not presented as to the fact of record of the mortgage and the failure of its satisfaction after payment. Thus the disputed facts of payment and failure of satisfaction of record were presented to the jury and there was no error in refusing the defendant's requested affirmative charge.

The oral charge covered the several questions of fact that were controverted and the law having application thereto.

We find no error to reverse in the given charges for the plaintiff.

· ■ The defendant sought by refused charge 3 to instruct the jury as to the burden of proof that the law casts upon the plaintiff. This phase of that charge was covered by the oral charge of the court.

■ The defendant requested the following instruction: "The Court further charges you gentlemen of the jury, the defendant had a right to take possession of property embraced in the mortgage from the plaintiff to him or his transferror, therefore, Defendant would have the right by appropriate action to have the value of the property credited on the mortgage debt, or when sued on the mortgage set-off against the debt the value of the property received by the mortgagee. If, however, there was no agreement as to the value fixed and agreed upon by the parties to this cause, and if there was an honest disputation as to the value then this would not be a payment, since each party would have a right to have the value of the property judicially ascertained by proper tribunal."

The suit was brought under the terms of the last statute, Code 1940, T. 47, § 178. Among other things, its terms are: "If a mortgage or deed of trust which is of record has been fully paid or satisfied, the mortgagee or transferee or assignee of the mortgage, or trustee or cestui que trust of the deed of trust, who has received payment or satisfaction, must on request in writing of the mortgagor, or of a creditor of the mortgagor having a lien or claim on the property mortgaged, or of a purchaser from the mortgagor, or owner of the lands mortgaged, or a junior mortgagee, or of the debtor in a deed of trust, enter the fact of payment or satisfaction on the margin of the record of the mortgage or deed of trust. * * * Such entry operates as a release of the mortgage or deed of trust, and is a bar to all suits thereon at law or in equity."

In Scott v. Field, 75 Ala. 419, and J. I. Case Threshing Machine Co. v. McGuire, 201 Ala. 203, 205, 77 So. 729, it was declared that the last clause of the statute, towit: "Such entry operates as a release of the mortgage or deed of trust, and is a bar to all suits thereon at law or in equity," indicates that such a result could not have been intended with respect to a foreclosed mortgage, for it is not only not released, but must of necessity remain a permanent muniment of title in favor of the purchaser. Mr. Justice Somerville said that the statute is not applicable to a mortgage which has been validly foreclosed, but only to one which has been paid or satisfied before foreclosure, whether by judicial decree or under the power of sale. This rule has no application to the instant case.

The mortgage declared upon in the count as amended is not before the court. The evidence shows that the cows were the subject of a litigation in the justice court, but that the suit for the mules originally brought in the justice court was dismissed for want of jurisdiction. The evidence on the part of Clark was to the effect that he took the property in question and delivered the Spurlin mule to that mortgagee. It follows from this that there was no adjudication of the value of personal property taken, nor was it agreed upon between the parties, nor was its value fixed by judicial decree or by a sale pursuant to the terms of the mortgage. Hence the controversy of fact has affected the case as to the value of the property taken which was considered in this trial and under conflicting tendencies of evidence. This, therefore, was a question for the jury. The court in the oral charge gave sufficient instructions as to this question.

In the present state of the record and under the evidence, the charge set out above was refused without error.

■ The trial court correctly instructed the jury as to the small item of cost in the detinue suit between Clark and Henderson, which was dismissed for lack of jurisdiction, and that such costs though paid by Clark were not a charge against mortgagor Henderson and so of the price of feeding of the stock.

It results from the foregoing that the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.