IN THE

# SUPREME COURT

OF THE

# TERRITORY OF WYOMING.

## JANUARY TERM, 1890.

HOWARD v. BOWMAN.

(January 22, 1890.)

BILL OF EXCEPTIONS.

1. Where time is given to present a bill of exceptions, it must appear on the record that it was presented within the time allowed.

2. A bill of exceptions is fatally defective, unless it is certified that it is correct, and that it contains all the evidence, or so much as is necessary to explain the exceptions.

Error to district court, Crook county.

Action in replevin by one Howard against one Bowman. Defendant had judgment, and plaintiff brings error. Affirmed.

*Anthony C. Campbell,* for plaintiff in error. *W. S. Metz,* for defendant in error.

SAUFLEY, J. In this case the plaintiff in error was plaintiff in the district court in an action of replevin. The law and facts were submitted to the court without the intervention of a jury, the trial resulting in findings and a judgment for the defendant. The bill of exceptions filed with the transcript is fatally defective in two respects:

1. On the overruling of plaintiff's motion for a new trial, he asked and obtained time until the 1st day of December, 1887, to present his bill. The record does not anywhere disclose whether the bill was tendered to the court for allowance within the time given. It should affirmatively appear, by a recital of the record, that this was done; otherwise it cannot be considered by this court.

2. It does not appear from the bill that all, or even any, of the testimony heard on the trial of the cause is set forth in the bill. It is not certified to this court as a true or correct bill, nor does the certificate show that it contains so much of the evidence as is necessary to explain all of the exceptions reserved or any of them. The certificate simply is, in substance, that all exceptions taken in the cause were taken at the time the adverse ruling was made, and that all of the proceedings were had and taken in the court below during the judicial days of a regular term of said court. The record being thus defective, the only question cognizable by this court is whether the pleadings are sufficient to support the judgment. We are of the opinion that they are, and the judgment of the district court is therefore affirmed.