# Johnson *v.* Frix.

*Penalty for Failure to Satisfy Mortgage.*

(Decided February 6, 1912. Rehearing denied May 1, 1912. 58 South. 427.)

1. *Bill of Exceptions; Signing; Evidence.*—It may be shown by affidavit that a bill of exceptions was not presented and signed within the time allowed by law, although it appears on its face to have been presented to and signed by the trial judge within such time.

2. *Mortgages; Failure to Satisfy of Record; Penalty; Complaint.* —The complaint examined and held to allege the existence of all facts necessary to show the right to the penalty provided by section 4898, Code 1907, for the failure to satisfy the record of the mortgage.

3. *Same; Notice.*—A notice to enter satisfaction on the mortgage record as required by section 4898, Code 1907, is properly served on the surviving partner of the partnership to whom the mortgage was executed, and hence, a complaint, in an action against a surviving partner for the penalty, which alleges that such notice was given to the surviving partner, is not demurrable for failing to show notice to the mortgagee.

4. *Same.*—Where the mortgagee is a partnership, notice to one of the partners is sufficient to render all liable for the penalty prescribed by section 4898, Code 1907, for failure to enter satisfaction on the mortgage record.

5. *Same; Liability.*—A mortgagee is liable for the penalty provided by section 4898, Code 1907, for failure to satisfy a record of the mortgage whether the failure was willful, negligent or merely inadvertent.

(Mayfield and Simpson, JJ., dissent as to the bill of exceptions.)

[Johnson v. Frix.]

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by R. L. Frix against M. B. Johnson for penalty for failure to satisfy a mortgage of record. Judgment for plaintiff, and defendant appeals. Affirmed.

As a specimen count, count 3 is given, as follows: "Plaintiff claims of defendant the further and additional sum of two hundred ($200) dollars, as a statutory penalty for failure to satisfy on the mortgage records of this county within two months after demand in writing therefor, a certain mortgage executed by plaintiff to Thomas L. Johnson & Co. Plaintiff avers that, after said mortgage had been fully paid or satisfied, he, on or about the 9th day of July, 1908, made demand in writing on defendant to satisfy the same on the records of this county, and defendant failed to do so for two months or more after the making of said demand. Said mortgage having been executed by plaintiff to Thomas L. Johnson & Co. on December 2, 1901, and due on or before the 2d day of October, 1902, and recorded in mortgage book 56, page 602, Etowah county, Ala. And plaintiff avers that Thomas L. Johnson & Co. is a late partnership composed of Thomas L. Johnson, deceased, and defendant M. B. Johnson; that since the execution of said mortgage, but prior to said demand, Thomas L. Johnson died, and said M. B. Johnson is the surviving partner of said Thomas L. Johnson & Co." The demurrer raised the question that no demand was ever made on Thomas L. Johnson & Co.; that satisfaction was made to Thomas L. Johnson & Co., and demand was made on M. B. Johnson; that the account shows on its face that the defendant held no mortgage on record against the plaintiff; it fails to show that the defendant was owner or holder of said mortgage at the time same was satisfied; that no demand was made on defendant as surviving partner.

GEORGE D. MOTLEY and GOODHUE, BRINDLEY & WHITE, for appellant. The bill of exceptions is a part of the record, and when completed cannot be supplemented or corrected by the aid of extrinsic evidence, oral or otherwise, which does not form a part of such record.— *Stern v. Lehman*, 169 Ala. 441; *Edinburgh A. L. M. Co. v. Canterbury*, 169 Ala. 444. The statute prescribes a penalty and must therefore be strictly construed, and cannot be extended by implication.—*Grooms v. Hannon*, 59 Ala. 510; *Jarrett v. McCabe*, 75 Ala. 325. Under the statute only a defendant who has received pay or satisfaction of the mortgage is liable for the penalty.—Sec. 4898, Code 1907; *Renfroe v. Andrews*, 62 Ala. 302; *Williams v. Bowden*, 68 Ala. 126; *Gay v. Rogers*, 109 Ala. 624; *Hoffman v. Knight*, 127 Ala. 149. Each count in a complaint containing more than one cause of action must contain in and of itself a full and complete statement of all the facts constituting the cause of action sought to be stated.—4 Enc. P. & P. 620-1; *Prigmore v. Thompson*, Minor 420; 31 Cyc. 71. Under these authorities, the demurrers to the complaint sould have been sustained. Charges 1 and 2 requested by appellant should have been given.—*Chattanooga N. B. & L. Assn. v. Echols*, 125 Ala. 548. Demurrers should have been further sustained because the action was against the surviving partner, and notice was alleged to have been given to him, and not to the partnership.—*Chattanooga N. B. & L. Case, supra; Ayers v. Butler*, 156 Ala. 608; *Rogers v. Brooks*, 99 Ala. 31; *Cooke v. Rome B. Co.*, 98 Ala. 409.

DORTCH, MARTIN & ALLEN, for appellee. The bill of exceptions must be signed within the time prescribed by law, and it may be shown that a bill was not signed within the time although it purported to be, and

the bill will be stricken.—151 Ala. 532; 116 Ala. 600; 1 Ala. 351. The demurrers cannot be considered as no valid judgment of the lower court on demurrers is shown by the transcript.—*Ala. Mid. v. Brown*, 129 Ala. 286; *Pensacola Ry. Co. v. Big Sandy*, 147 Ala. 274. A payment to either partner extinguished the debt to the partnership, and laid the predicate on which to rest the request to satisfy the mortgage record, and notice to do so may have been filed with either partner and bind the partnership.—62 Ala. 305; 75 Ala. 327; 51 Ala. 307; *Brown v. Turner*, 15 Ala. 832; *Foster, et al. v. Thomason*, 717; 1 Parsons, Notes and Bills, 502; Sec. 2506, Code 1907. The purpose of the statute is that equal publicity be given to the fact that the mortgage is satisfied, and is no longer a security or encumbrance.—75 Ala. 422; 120 Ala. 209. There is no question but what the surviving partner is liable to the penalty if the partnership would have been liable.—*Petty v. Dill*, 53 Ala. 641. Under the principles announced in *Williams v. Hendrix*, 115 Ala. 277, the surviving partner was himself liable, whether the partnership was or not. It follows from these authorities that the complaint contained all the necessary averments to charge defendant for the penalty prescribed by Sec. 4898, Code 1907, for a failure to comply with its requirements.

MAYFIELD, J.—The majority of the court are of the opinion that the bill of exceptions must be stricken, on appellee's motion, because not signed within the time prescribed by the statute. It is alleged in this motion—and the allegation is supported by the affidavits of counsel for appellee—that although on its face the bill of exceptions appears to have been signed within the time allowed by the statute, and to have

been indorsed by the trial judge in conformity to the statutory requirement as to the time of filing, yet as a matter of fact it was not so signed. The majority are of the opinion that the facts alleged in the motion may be proven by affidavits, as was done in this case, notwithstanding that it appears, by the trial judge's indorsements of the bill and by the face of the record itself, that the presentation and signing were in conformity to the statute; and that this decision is in line with the holding in the case of *L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 22 South. 897, *Rainey v. Ridgeway,* 151 Ala. 532, 43 South. 843, and *Leeth v. Kornman, Sawyer & Co.,* 2 Ala. App. 311, 56 South. 757.

SIMPSON, J., and the writer, dissent on this proposition, and are of the opinion that the bill of exceptions in this case has, by virtue of express provisions of our statutes (Code, §§ 3018, 3019) become a part of the record, and is for that reason entitled to all the presumptions of verity and conclusiveness that attach to any other part of the record; and that it cannot be contradicted by parol proof, and certainly not by exparte affidavits. They think that the evils to flow from such a practice will prove the unwisdom of such a precedent. They are of the opinion that if the appellee can thus contradict this part of the record—can show by exparte affidavits that the bill certified is not a bill of exceptions, and therefore not a part of the record— he might, upon the same reasoning, show that the judgment entry has the wrong date, that it was *actually* taken during vacation, and not in term time, and is therefore no judgment.

The bill of exceptions being stricken, we can consider only the asignments of error based upon the record proper. These go to the trial court's overruling the

[Johnson v. Frix.]

appellant's demurrers to the several counts of the complaint.

The action was to recover the statutory penalty for failure to mark the records of several mortgages "satisfied," as is provided by section 4898 of the Code.

The complaint contained 14 counts. The even-numbered counts were all eliminated and need not be considered. The demurrers were, however, overruled as to the odd-numbered counts, and those rulings are assigned as error. The several counts are substantially alike, and hence the ruling as to any one of them, by the trial court, practically raises the same question of law as to all. Hence we will follow the course pursued by the appellant in his brief, and consider only those which raise all the questions, involved on the appeal, as to the record proper.

We cannot agree with appellant that these counts, or any one of them, were subject to the demurrer interposed, and we are of the opinion that the trial court properly overruled the demurrer thereto. Each count practically followed the language of the statute, and alleged the existence of all the facts which the statute makes necessary to incur the penalty.

There is nothing in the objection that the mortgage in question was to the firm or partnership, and that the notice to satisfy was given to the surviving partner instead of to the firm. The notice, of course, should be served on some person, and the surviving partner was certainly a proper person upon whom to serve the notice, if he was not the only person upon whom the notice could be properly served.

The counts did sufficiently allege that the mortgage had been "paid or satisfied," and that the appellant was the mortgagee, transferee, or assignee of the mortgage, and that he had received payment or satisfaction

[Johnson v. Frix.]

thereof, and that he failed to satisfy the same of record for two months after notice in writing so to do from the mortgagor.

No one of the grounds of demurrer to these odd-numbered counts was well taken and the court properly overruled the demurrer to each.

The mortgage in question having been executed to a partnership composed of two members, one of whom afterwards died, the surviving partner (appellant here) was the proper person upon whom notice to satisfy should be served, and upon whom the law imposed the duty to satisfy, if the mortgage had in fact been paid and satisfied before the notice was given.

The rule declared in the case of *Renfro v. Adams,* 62 Ala. 302, 305, is applicable to, and conclusive in this case. It is there said : "Several objections to the complaint are made by demurrer, which we do not think are well taken. The facts necessary to support the action are presented in an intelligible form and with clearness. The material questions seem to be whether notice or a request to each of mortgagees, who were partners, to enter satisfaction of the mortgage, was necessary to render them jointly liable for the penalty; and whether the failure to enter satisfaction must not have been willful and intentional, before the penalty is incurred. These questions must be answered negatively. The general rule resulting from the unity of a partnership is that, when notice or a request is necessary to fix its liability, it may be given to the one, and is notice or request to all the partners.—*New York & Alabama Con. Co. v. Selma Savings Bank,* 51 Ala. 305, 23 Am. Rep. 552. The failure of the mortgagee, whether willful, intentional, or merely negligent or inadvertent, subjects him to liability for the penalty. It is against his negligence or inadvertence, as well as his

17—177

willfulness, the statute intends to protect the mortgagor, or the party aggrieved."

Finding no error in the record proper, the judgment appealed from must be affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.