(77 South. 983)

SCOTT v. ALABAMA, T. & N. RY. CO.
(2 Div. 151.)

(Court of Appeals of Alabama. Feb. 5, 1918.)

APPEAL AND ERROR ⬦⟾569(2)—"BILL OF EXCEPTIONS"—SIGNING.

Under Code 1907, § 3019, as to bill of exceptions, a purported bill of exceptions could not be considered where it bore no indorsement of its presentation by the trial judge, or that it was ever signed as such by the judge who tried the case; a bill of exceptions being defined as "a formal statement in writing of exceptions taken by a party on the trial to a ruling, decision, charge, or opinion of the trial judge, setting out the proceedings on the trial, the acts and rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, together with the grounds therefor, and authenticated by the signature of the trial judge," and its character as a record and its verity as such coming from the fact of its approval by the trial judge, which can be evidenced in no other way than by his signature.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Exceptions.]

Appeal from Circuit Court, Choctaw County; C. R. Gavin, Special Judge.

Action between Freeman Scott and the Alabama, Tennessee & Northern Railway Company. From a judgment, Freeman Scott appeals. Affirmed.

D. M. Boswell, of York, for appellant. J. M. Pelham, Jr., of Chatom, for appellee.

BRICKEN, J. What purports to be a bill of exceptions in this case cannot be considered and treated as such on this appeal, for the reason that it bears no indorsement of its presentation by the trial judge, or that it was ever signed as such by the judge who tried the case. Section 3019, Code 1907, provides that:

"Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards. * * * The judge must indorse thereon and as a part of the bill, the true date of presenting, and the bill of exceptions, if correct, be signed by him within ninety days thereafter."

A bill of exceptions is defined as being:

"A formal statement in writing of exceptions taken by a party on the trial to a ruling, decision, charge or opinion of the trial judge, setting out the proceedings on the trial, the acts and rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, together with the grounds therefor, and authenticated by the signature of the trial judge."

Its character as a record and its verity as such comes from the fact of its approval by the trial judge, which can be evidenced in no other way than by his signature. Code 1907, § 3019. In the instant case, there is no indorsement by the trial judge that the purported bill of exceptions has ever been presented to him, nor does it bear any signature of said trial judge coupled with the statement that it is a correct bill of exceptions.

The assignments of error being predicated solely upon what is termed the bill of exceptions leaves nothing before this court for consideration, which necessarily results that the judgment of the lower court must be affirmed.

Affirmed.