(80 South. 882)

### DEMENT v. CENTRAL OF GEORGIA RY.
### CO.    (7 Div. 989.)

(Supreme Court of Alabama. Jan. 23, 1919.)

1. EVIDENCE ⊜428—PAROL EVIDENCE—INVALIDATION OF RECORD.

Parol evidence is available to show that that which purports to be a record is not in fact a record.

2. APPEAL AND ERROR ⊜662(3) — BILL OF EXCEPTIONS — TIMELY PRESENTATION TO JUDGE—STATUTE.

Where true date of presentation of bill of exceptions to presiding judge was not within 90

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

days from entry of judgment required by Code 1907, § 3019, recital over signature of judge that true date was within period of statute will not control.

3. APPEAL AND ERROR ⬤⟿713(1)—MOTION TO STRIKE BILL OF EXCEPTIONS—CONSIDERATION OF PAPER WITHOUT FILE MARK.

Paper in transcript signed by counsel for appellant, purporting to interpose objections to admission in evidence of affidavit of opposing counsel in support of their motion to strike bill of exceptions, which bears no mark of having been filed in cause, and was not called to attention of court on submission of motion to strike bill, cannot be considered in passing on motion.

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Action by A. C. Dement, as administrator, against the Central of Georgia Railway Company for damages for death of his intestate. Judgment for defendant, and plaintiff appeals. Affirmed.

It appears that verdict was rendered and judgment entered on April 23, 1918. There is some dispute as to when the bill of exceptions was sent to the judge, but it is not disputed but that the judge did not receive the bill until July 27, 1918. The judge being absent from home signed the bill as if it had been presented on July 23d, and afterwards, on the insistence of the attorneys who prepared the bill that it was mailed to him on the 20th of July, and reached his home on the 21st, he afterwards signed it as presented on the 22d of July. These things appear from correspondence between the judge and various attorneys.

Riddle & Ellis, of Columbiana, for appellant.

London, Yancey & Brower, of Birmingham, for appellee.

McCLELLAN, J. [1, 2] The submission of the cause in this court includes a motion by the appellee to strike from the transcript the bill of exceptions, on the ground that it was not presented to the presiding judge within the time required by law (Code, § 3019), viz. "within ninety days from the day on which the judgment is entered." There is attached to this motion, filed in the office of the clerk of this court, an affidavit of G. W. Yancey, one of the counsel for appellee (defendant), wherefrom it appears that the bill of exceptions was not presented to the presiding judge within the time required by law. This affidavit—the only evidence, aside from the bill itself, filed on the submission—reproduces pertinent correspondence passing between the presiding judge and counsel for appellee, the defendant. It is settled in this jurisdiction that parol evidence

is available to show that that which purports to be a record is not in fact a record. L. & N. R. R. Co. v. Malone, 116 Ala. 600, 22 South. 897; Buck Creek Lbr. Co. v. Nelson, 188 Ala. 243, 66 South. 476. The recitals of this affidavit and the letters of the presiding judge fully establish the basis of fact upon which the motion is founded, viz. that the true date of presentation of this bill to the presiding judge was not effected within the time required by law, and so, notwithstanding the recital, over the signature of the presiding judge, that the true date of presentation was on a date within the prescription of the statute (Code, § 3019). Under these circumstances, "the judge," as said in King v. Hill, 163 Ala. 422, 51 South. 15, and in other cases, "had no right to receive it [the bill] after the time for presenting had expired."

[3] In the transcript, we find a paper signed by counsel for appellant, purporting to interpose objections to the admission in evidence of the mentioned affidavit and of parts thereof. This paper does not bear any mark of having been filed in the cause. It was not called to the attention of the court at the time of the submission of the appellee's motion to strike the bill of exceptions. This paper cannot, therefore, be considered by the court in passing upon the motion to strike the bill of exceptions. The motion to strike is granted, and the bill is accordingly stricken from the transcript and record. There are no errors assigned as upon the record proper. All of the assignments are predicated of matters that, to be available on review, must be presented by bill of exceptions.

No error being shown, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.