(84 South. 569)

CAMERON v. NORTH BIRMINGHAM TRUST & SAVINGS BANK.
(7 Div. 582.)

(Court of Appeals of Alabama. Oct. 28, 1919.)

1. APPEAL AND ERROR ⟨⊚⟩668, 670(2) — INDORSEMENT OF PRESIDING JUDGE TO BILL MAY BE OVERTURNED BY TESTIMONY AND EX PARTE AFFIDAVITS.

The indorsement of a bill of exceptions by the presiding judge may be overturned by oral testimony and ex parte affidavits.

2. EXCEPTIONS, BILL OF ⟨⊚⟩50—MERE MAILING OF BILL TO RESIDENCE OF A PRESIDING JUDGE IS NOT "PRESENTATION."

Though the bill of exceptions was mailed to the presiding judge within the 90-day period, reaching his residence within time, such mailing was not a presentation, within Code 1907, § 3018, for the word "presentation" requires something more than a mere delivery, and in addition thereto formal exhibition, of the thing presented, so that with full knowledge it may be rejected or accepted is necessary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Presentation.]

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Assumpsit by the North Birmingham Trust & Savings Bank against J. A. Cameron. Judgment for plaintiff, and defendant appeals. Affirmed, after bill of exceptions stricken.

By the agreement referred to in the opinion the assignments of error relative to the pleadings were eliminated, as the agreement set forth error in copying the transcript showing rulings on the pleadings. The other facts sufficiently appear.

Riddle & Ellis, of Columbiana, for appellant.

Counsel discuss the merits of the case as presented by the bill of exceptions, but in view of the opinion it is not deemed necessary to here set it out.

David J. Davis, of Birmingham, Hill, Hill, Whiting & Thomas, of Montgomery, and

Longshore, Koenig & Longshore, of Columbiana, for appellee.

The bill of exceptions was not presented in time and should be stricken. Section 3019, Code 1907; 188 Ala. 243, 66 South. 476; 2 Ala. App. 311, 56 South. 757; 14 Ala. App. 54, 70 South. 995; 151 Ala. 532, 43 South. 843.

SAMFORD, J. By an agreement on file, whereby it is stipulated that certain corrections shall be made in the record, the first, second, third, and fourth assignments of error are eliminated.

[1, 2] The judgment in the court below was rendered on April 25, 1918, and the indorsement shows the bill of exceptions to have been presented to the presiding judge on July 22, 1918. But by affidavit of the presiding judge, filed in support of a motion by appellee to strike the bill of exceptions, it is made to appear that, while the bill of exceptions was mailed to the presiding judge at his residence, and reached his residence on July 22, 1918, not being at home, the judge did not receive the bill of exceptions until July 25, 1918, more than 90 days after the judgment. It will thus be seen that the question presented by the motion to strike is: Was the mailing of the bill of exceptions to the presiding judge at his home such a presentation as is required by section 3018 of the Code of 1907? That the indorsement of the presiding judge may be overturned by oral testimony and ex parte affidavits has already been decided by the Supreme Court. Buck Creek Lbr. Co. v. Nelson et al., 188 Ala. 243, 66 South. 476; L. & N. R. R. v. Malone, 116 Ala. 600, 22 South. 897.

In this case it is made to appear that the presentation did not take place within the 90 days, unless the mailing of the bill of exceptions on the 22d would meet the requirement of the statute. It will be observed that the language of the statute is: "Bills of exceptions may be presented," etc. All of the definitions given of the word "presentation" indicate something more than a mere delivery, or the placing in the legal possession of the presentee of the thing presented. Standard Dict. There must not only be a delivery, but in addition thereto a formal exhibition of the thing presented, so that, with full knowledge, it may be accepted or rejected. This is held to be so in the presentation of accounts against estates, Ellison v. Lindsley, 33 N. J. Eq. 260; also in the service of process, May v. Rice, 108 Mass. 150, 11 Am. Rep. 328; Reg. v. Leominster, 2 B. & S. 391.

We think that the formal presentation of bills of exceptions is of equal importance and should come under the same rule. For the above reasons, the motion to strike the bill of exceptions is granted. The bill of exceptions being stricken, the remaining assignments of error cannot be considered.

Motion to strike bill of exceptions granted. Judgment of the trial court is affirmed.

Motion to strike granted.

Judgment affirmed.