(94 South. 251)

**BAIN et al. v. LANG.** (8 Div. 993.)

(Court of Appeals of Alabama. June 30, 1922. Rehearing Denied Oct. 31, 1922.)

Appeal and error ⬤⟳670(2) — Affidavit may show that bill of exceptions was not presented and signed within required time.

It may be shown by affidavit that a bill of exceptions was not presented and signed within the time allowed by law, although it appears on its face to have been presented to and signed by the trial judge within such time.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Mack Lang against W. N. Bain and Ewing Grizzell. From a judgment for plaintiff, defendants appeal. Affirmed on motion of appellee.

The cause was tried and determined on October 6, 1921. The bill of exceptions bears the notation that it was presented to the trial judge on January 2, 1922, and signed by said judge on March 24, 1922. The filing date shown by the clerk is May 27, 1922.

Counsel for appellants makes affidavit showing:

"The bill of exceptions after being signed by the judge was not handed back to the counsel for appellants until a few days after May 25, 1922, and that the transcript was not handed to counsel for appellant until the date of the making of this affidavit [June 29, 1922] and that on the same day that the transcript was handed to counsel for appellants it was forwarded to the clerk of the Court of Appeals."

The affidavit of one of counsel for appellee asserts that:

"Appellants' attorneys did not forward the original bill of exceptions to the judge for his signature until the 24th day of May, 1922, and the judge immediately signed the original bill of exceptions and did not mark the true date of his signing same, but marked thereon a date which would bring said bill of exceptions within the time prescribed by law and returned same to attorneys for appellants, and said bill of exceptions was filed with the clerk on the 27th day of May, 1922. * * * The judge stated to attorney for appellee that he inferred from the letter accompanying the original bill of exceptions which was written by attorney for appellants, that it was agreed by attorneys for appellee that said bill of exceptions was to be signed as of the date presented to attorneys for appellee or he would have not signed same."

Street & Bradford, of Guntersville, for appellants.

The judgment should not be affirmed on certificate or the appeal dismissed. Code 1907, § 2889; 48 Ala. 558; 57 Ala. 556; 205 Ala. 112, 87 South. 363; 206 Ala. 172, 89 South. 510; 180 Ala. 627, 61 South. 944.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

Brief of counsel did not reach the Reporter.

MERRITT, J. The judgment is affirmed.

On Rehearing.

Application is made that the judgment of affirmance in this cause be set aside. The bill of exceptions shows that it was presented to and signed by the judge presiding within the time allowed by law. The correctness of this is questioned, however, by

the affidavit of counsel, which affirms such not to have been the case. There is no denial of the facts set out in the affidavit.

It may be shown by affidavit that a bill of exceptions was not presented and signed within the time allowed by law, although it appears on its face to have been presented to and signed by the trial judge within such time. Johnson v. Frix, 177 Ala. 251, 58 South. 427; Cameron v. North B'ham Saving Bank, 17 Ala. App. 210, 84 South. 569; Dement v. Central of Ga. R. Co., 202 Ala. 498, 80 South. 882.

Application overruled.