(134 So. 685)

### SOUTHERN RY. CO. v. SCOTTSBORO WHOLESALE CO.

8 Div. 71.

Court of Appeals of Alabama.

May 12, 1931.

L. E. Brown and John K. Thompson, both of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

SAMFORD, J.

This cause is submitted on motion of appellee to strike the bill of exceptions and on the merits.

Judgment was rendered on December 2, 1929. The bill of exceptions was filed with the clerk of the circuit court February 24, 1930. The bill purports on its face to have been signed by the judge trying the case April 15, 1930. It is made to appear by affidavit filed in this court in support of the motion that the bill of exceptions was not actually signed by the presiding judge until some time between May 1 and May 5, 1930, being more than sixty days after the same was filed with the clerk of the court in which the cause was tried. Notwithstanding the counter affidavits filed by appellant in opposition to the motion, we are of the opinion that the bill of exceptions in the record is sufficiently identified as being the bill mailed to the presiding judge by appellee's counsel on May 1, 1930, at which time it was not signed by the judge.

Under our decisions, it may be shown by affidavit that a bill of exceptions was not presented or signed within the time required by law, although it purports on its face to have been so signed. Johnson v. Frix, 177 Ala. 251, 58 So. 427; Buck Creek Lumber Co. v. Nelson, 188 Ala. 243, 66 So. 476; Leeth v. Kornman, etc., Co., 2 Ala. App. 311, 56 So. 757. The case of Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587, cited in appellant's brief, refers to recitals in the record as to the conduct of the trial and not to the act of the trial judge long after the trial and as to which the clerk making the certificate has no official knowledge.

It appearing that the bill of exceptions was not signed in the time required, the motion of appellee to strike the bill must be granted. Sellers v. Dickert, 194 Ala. 661, 69 So. 604.

With the bill of exceptions stricken and no error appearing of record, the judgment is affirmed.

Motion to strike bill of exceptions granted, and the judgment is affirmed.

Affirmed.