159 So. 367

## BURKE et al. v. CITY OF BIRMINGHAM.

### 6 Div. 537.

Court of Appeals of Alabama.
Feb. 12, 1935.

F. B. Irwin, of Birmingham, for appellants.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

BRICKEN, Presiding Judge.

It appears from the record this cause originated in the recorder's court of the city of Birmingham, wherein these appellants were tried and convicted for the violation of certain ordinances of said city. They appealed to the circuit court, and by consent they were there tried jointly, upon complaints filed by the attorney for the city. The judgment entries show that the trial was had in the circuit court on *May 9, 1933.* They were again convicted and from the judgments of conviction this appeal was taken. The record also discloses that defendant's motion for new trial was heard and determined on *June 5, 1933.*

The case is here submitted upon motion of appellee to strike the bill of exceptions upon the grounds that the purported bill of exceptions was not signed by the trial judge within the time allowed and provided by law (Code 1923, § 6433).

It is conceded that the bill of exceptions was *presented,* and so indorsed by the trial judge, within the time required by law. The bill of exceptions appears on its face to have been signed by the trial judge on September 30, 1933, which if correct would have been within the sixty days allowed by the statute for the trial judge to sign it. But appellee insists, as a matter of fact, that the trial judge did not sign it until on *October 5, 1934,* which was more than a year after the re-quired time for signing had elapsed. This insistence is sustained by the undisputed evidence. In this connection and in support of the motion, appellee has filed in this court the affidavit of the trial judge, which contains the statement: "On October 5, 1934, I signed the bill of exceptions in the cases of the *City of Birmingham v. Alice Burke, and Wirt R. Taylor,* but said signing was dated as of 'September 30, 1933.' This was done in keeping with an agreement made with counsel for the defendants by me, to the effect I would sign the bill of exceptions as within the time required by law so as to enable him to provide me with a stenographic transcript of the testimony as taken down by the court reporter. After the time for signing the bill of exceptions had passed, I told Mr. Ralph E. Parker, Assistant City Attorney, of my agreement and he stated he was unwilling to abide by the same." The affidavit of Ralph E. Parker, counsel for appellee in this cause, is of the same import. No evidence to the contrary has been submitted.

Counsel for appellants earnestly insists that the indorsements on the bill of exceptions cannot be impeached by the affidavit of the trial judge, and further that the affidavits filed in support of the motion are insufficient. This insistence, however, is not supported by the authorities. In Johnson v. Frix, 177 Ala. 251, 58 So. 427, it was held: "It may be shown by affidavit that a bill of exceptions was not presented and signed within the time allowed by law, although it appears on its face to have been presented to and signed by the trial judge within such time." In Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, the court said: "A motion is made to strike the bill of exceptions on the ground that it was not presented within the time required by law. While it purports to be so presented and signed, the affidavit of the judge signing the same shows it was not presented nor signed within time, but was dated back. Such fact may be shown by affidavit filed in this court in support of the motion. * * * The motion to strike must be granted." In Buck Creek Lumber Co. v. Nelson et al., 188 Ala. 243, 66 So. 476, the Supreme Court held: "A bill of exceptions must be filed within ninety days from the date of the judgment, and where it appears that it was not filed within that time it will be stricken on motion; a failure to file the bill within such period may be shown by parol." The following authorities are of the same import: Sellers et al. v. Dickert, 194 Ala. 661, 69 So. 604; Bain et al. v. Lang, 18 Ala. App. 679, 94 So. 251; Cameron v. North

Birmingham Trust & Savings Bank, 17 Ala. App. 210, 84 So. 569; Southern Ry. Co. v. Scottsboro Wholesale Co., 24 Ala. App. 310, 134 So. 685.

The foregoing authorities, and others which might be cited, are conclusive of the point of decision involved. It is definitely settled that notwithstanding the bill of exceptions shows upon its face to have been presented and signed by the trial judge within the time required by law, yet the fact that it was not so presented and signed may be shown by affidavit or by parol, and if it so appears, the bill of exceptions must be stricken on proper and seasonable motion. This is the mandatory requirement of the statute, and the appellate courts are without discretion in the premises.

The evidence on the motion here being without dispute or conflict, and the effect of which sustains the ground upon which the motion is rested, we must perforce grant the motion. The bill of exceptions in this case is stricken for reasons assigned.

Appellants have separately assigned errors, twenty-eight in number, and as to each appellant the assignments appear to be identical.

The bill of exceptions having been stricken, the assignments of error dependent thereon cannot be considered. In consequence each of the assignments of error, except assignments 4, 5, and 18, is out, and may not be treated or discussed.

Taking the three remaining assignments up in the order named, we find that in assignment of error 4 the appellants insist that the court erred in overruling the demurrer to the complaint. As hereinabove stated, the trial of this case was had on the 9th day of May, 1933, and the judgment entry does not show that any ruling of the court was invoked upon any demurrer to the complaint. The judgment shows that upon arraignment the defendants interposed their plea of "not guilty." This alone, and upon the issue thus formed, the trial was had. There is contained in the record certain "demurrers," objections, etc.; but these matters show upon their face they were filed on October 18, 1933, several months after the trial of this case. The record fails to disclose any action of the court on these matters. There could not have been, the case having been finally tried and determined many months prior to the filing of the matters. A trial court may not be put to error in the absence of some adverse ruling invoked or had on the trial of the case.

The alleged demurrers, and objections, had no place in this record and should not have been inserted.

What has been said relative to assignment of error 4 applies also to assignment 5, wherein it is insisted that the court erred in holding the ordinance bearing No. 5778 of the city of Birmingham to be a valid ordinance. No such ruling was invoked upon the trial of this case as shown by the record. This assignment, therefore, cannot be sustained.

There is no merit in the insistence of error as contended in assignment of error 18, which challenges the sufficiency of the judgment entry as an adjudication of appellants' guilt.

The following portion of the judgment entry meets every requirement; it reads:

"Issue being joined on defendant's plea of not guilty in this cause, thereupon came a jury of good and lawful men, towit, H. H. Brumback and eleven others, who being empanelled and sworn according to law, upon their oaths do say: 'We the jury find the defendant, Wirt R. Taylor, guilty as charged in the complaint, and fix his punishment at a fine of $100.00.' It is therefore considered by the court, and it is the judgment of the court, that the defendant is guilty as charged in said complaint, and that he pay a fine of one hundred ($100.00) dollars and costs of this cause.

"And on this the 5th day of June, 1933, the said defendant being in open court, and having presently failed to pay said fine or to confess judgment with good and sufficient security for the same, it is therefore considered by the court, and it is ordered and adjudged by the court, and it is the sentence of the law, that the said defendant, the said Wirt R. Taylor, perform hard labor for the City of Birmingham for one hundred days, because of his failure to pay said fine or to confess judgment with good and sufficient security therefor.

"It is further ordered and adjudged by the court, and it is the sentence of the law, that the said defendant, the said Wirt R. Taylor, perform additional hard labor for the City of Birmingham for one hundred and fifty days, as additional punishment in this cause."

A similar judgment in all respects was pronounced and entered as against appellant Alice Burke, and, as stated, fully meets every requirement of law.

The foregoing disposes of every point of decision presented for our consideration. We

find no error, which results that the judgment of the lower court from which this appeal was taken must be, and is, affirmed as to both appellants.

Affirmed.