C. D. SPALDING, as Special Administrator of the Estate of Louie M. Johnson, Deceased,

*Plaintiff in Error,*

v.

JESSIE J. McKNIGHT,

*Defendant in Error.*

(Nos. 2303, 2304; Dec. 19, 1944; 154 P. 2d 312)

24

For the plaintiff in error in each cause there were briefs by M. E. Corthell and J. R. Sullivan, both of Laramie, Wyoming, and Bruce Cameron of Portland, Oregon, and oral argument by Mr. Sullivan.

For the defendant in error in each cause there were briefs and also oral arguments by Carleton A. Lathrop, of Cheyenne, Wyoming, and A. R. McMicken, of Rawlins, Wyoming.

## OPINION

Riner, Justice.

These causes, one of which originated in the District Court of Carbon County, the other having been commenced in the District Court of Albany County, were by stipulation of the parties consolidated for trial and heard by the presiding Judge of the Second Judicial District without a jury, at Laramie, in March, 1943. Thereafter judgments were rendered in favor of the plaintiff, Jesse J. McKnight, defendant in error here in both cases, these judgments being severally entered in the respective District Courts aforesaid on the same day, to-wit: November 6, 1943.

It appears that there was a motion for a new trial filed in each of these cases on November 16, 1943, in the District Courts above mentioned and which was in each case overruled by an order entered on December 27, 1943.

Petitions in error were filed here in each case on June 26, 1944, and the records therein, on July 12, 1944. Subsequently, motions to strike a purported bill of exceptions consisting of two volumes filed respectively in the District Court of Albany County on July 5, 1944, and in the District Court of Carbon County, July 6, 1944, and also motions to dismiss each of these proceedings in error were filed and thereafter heard by this Court and are now for decision.

In addition to the facts set forth above the situation presented would seem to be as follows: After the cases

were tried as indicated the official Court Reporter prepared a transcript of the evidence submitted on the trial, and this transcript, consisting of two typewritten volumes, was delivered to the trial Judge before he rendered his judgments aforesaid and for his use in arriving at a proper disposition of the causes. It was also intimated by the parties that if either should subsequently desire to use said transcript for review proceedings in this Court it would be available for that purpose. This transcript remained in the possession of the Judge until a short time after the motions for new trials were overruled on December 27, 1943, as heretofore indicated. These written motions were also in the possession of the Judge at that time.

Nothing more seems to have been done in these cases until sometime after June 1, 1944, when counsel representing the defendant, C. D. Spalding, as Special Administrator of the Estate of Louis M. Johnson, Deceased, now the plaintiff is error here, appeared before the trial Judge, presented to him the material set out in the two volumes of evidence already mentioned to which had been attached the two motions for new trials, and requested him to sign, and he did so sign, a typewritten statement which was also attached following said motions for new trials. That statement reads:

"The foregoing transcript of evidence prepared pursuant to agreement between the parties for use on appeal to the Supreme Court and duly certified by the Court Reporter and the Clerk of Court, consisting of two bound volumes, was presented to me and remained in my possession until after the motions for new trial were overruled on the 27th day of December, 1943; that the foregoing motions for new trial were presented, and after counsel for defendants were advised that the motions were denied, they requested an exception to the ruling and that orders denying said motions containing their exceptions were reduced to writing by noting said exceptions in said orders overruling said

motions; that the said transcript of evidence with the exceptions therein contained, and said motions for new trial and the exceptions denying said motions are truly alleged; that the transcript of evidence contains all of the evidence given or offered by either party on the trial of said causes, and the Court, having examined the same and having allowed said exceptions, does hereby sign, settle and seal the same and order that they be made a part of the record in the causes, but not spread at large upon the Journal."

This statement was not dated to indicate either the date of presentation thereof to the Court or its signature by the Judge.

The statutory provisions which are pertinent to a proper disposition of the defendant in error's motions to strike and to dismiss aforesaid are:

Section 89-4701, W. R. S. 1931, concerning bills of exceptions, and which directs that:

"The party objecting to the decision must except at the time the decision is made, and shall have sixty days from and after the date of the judgment, decree, or final order in the case within which to reduce the exception to writing and present the same to the court or judge for allowance. If within said sixty days the party excepting shall make it satisfactorily to appear to the court or judge authorized to allow the bill of exceptions that the party will be unavoidably prevented from presenting the bill within said time, the court or judge by written order may extend said time, but not to exceed sixty additional days."

Section 89-4704, W. R. S. 1931, also relating to bills of exceptions which reads in part:

"When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, * * * or because the verdict, or if a jury was waived, the finding of the court, is against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court, or to the

judge thereof in vacation, within the time given for allowance. If true, it shall be the duty of the court, if presented in open court, or the judge of the court before whom the cause was tried, if presented in vacation, to allow and sign it, whereupon it shall be filed with the pleadings as a part of the record, but not spread at large upon the journal."

Section 89-2101 W. R. S. 1931, declares that:

"A new trial is a re-examination in the same court of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision by the court, * * *." and requires a new trial to be granted on the application of "the party aggrieved" for certain listed "causes affecting materially the substantial rights of such party."

Section 89-2103, W. R. S. 1931, requires among other things that an application for a new trial shall be made by "motion in writing" within ten days after the entry of the decision of which complaint is made.

The first clause of § 89-4816, as amended by L. of Wyo., 1935, Ch. 111, contains the prohibition that:

"No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within six months after the rendition of the judgment, or the making of the final order complained of; * * *."

Rule No. 13, of this Court prescribes that:

"Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court in an appellate proceeding brought by the filing of a petition in error and known as a proceeding in error, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was over-ruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions. The ruling of the court below upon each matter presented by a motion for a new trial shall be

sufficiently questioned in this court by an assignment that the court below erred in overruling such motion for a new trial."

In support of the motions to strike and relying on the first two sections of the statutes quoted above and the facts as hereinbefore outlined, it is urged that plaintiff in error failed to prepare and reduce to writing a proper bill of exceptions and present same to the trial Court or the Judge thereof, within the time required by the laws of this State.

The significant language of § 89-4704, supra, it will be observed, requires that "the party excepting must reduce his exception to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance." And § 89-4701, supra, allows the party "sixty days from and after the date of the judgment, decree, or final order" in which to reduce the exception to writing "and present the same to the court or judge for allowance." Extension of time to do this is also provided for in the section last cited but in the cases at bar there was none sought or given. The rule announced by the two sections last mentioned has been repeatedly enforced by this Court. Brooks v. State, 29 Wyo. 114, 210 Pac. 944.

Was there a proper bill of exceptions prepared and presented for allowance to the trial Judge by the Plaintiff in error within the sixty day period thus fixed? In answering that question the following decisions reviewed are deemed of material assistance.

In Cameron v. North Birmingham Trust & Savings Bank, 17 Ala. App. 210, 84 So. 569, there was a motion made to strike the bill of exceptions and the question presented was whether "the mailing of the bill of exceptions to the presiding judge at his home" was" such a presentation" as the statute, § 3019, Code of 1907, required. That section provided:

"Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards; and all general, local, or special laws or rules of court in conflict with this section are repealed, abrogated, and annulled. The judge must endorse thereon and as a part of the bill, the true date of presenting, and the bill of exceptions must, if correct, be signed by him within ninety days thereafter."

Answering this question in the negative the Court said:

"In this case it is made to appear that the presentation did not take place within the 90 days, unless the mailing of the bill of exceptions on the 22nd would meet the requirement of the statute. It will be observed that the language of the statute is: 'Bills of exception may be presented,' etc. All of the definitions given of the word 'presentation' indicate something more than a mere delivery, or the placing in the legal possession of the presentee of the thing presented. Standard Dict. There must not only be a delivery, but in addition thereto a formal exhibition of the thing presented, so that, with full knowledge, it may be accepted or rejected. This is held to be so in the presentation of accounts against estates, Ellison v. Lindsley, 33 N. J. Eq. 260; also in the service of process, May v. Rice, 108 Mass. 150, 11 Am. Rep. 328; Reg. v. Leominster, 2 B. & S. 391.

"We think that the formal presentation of bills of exceptions is of equal importance and should come under the same rule. For the above reasons, the motion to strike the bill of exceptions is granted. The bill of exceptions being stricken, the remaining assignments of error cannot be considered."

Section 6252, Code of Virginia 1930, provided in substance, as the opinion in Virginia Home for Incurables v. Coleman, Circuit Judge, 164 Va. 230, 178 S. E. 908, states:·

"* * * a bill of exception must be presented to the trial judge for his signature before the final judgment is entered or within 60 days from the time of the entry

of said judgment, and the judge shall indorse thereon the date on which such bill was so tendered; * * *."

Declining to grant a writ of mandamus directed to the trial Judge commanding him to properly certify a bill of exceptions the Court said in part:

"In the instant case it appears from the record that no request was made of the judge to sign the certificate within 60 days after final judgment was entered, and no notice was given to the opposite party that such request would be made at any time. It is contended that the stenographic copy of the evidence was tendered to the judge before the judgment was entered along with the brief, and that this was a sufficient tender under the statute and the rule. This, however, was not such a tender as either the statute or the rule contemplates. To deliver a copy of the report of the evidence to the judge for his use on the motion to set aside the verdict is quite a different thing from tendering the same to the judge for the purpose of having him sign the same to be made a part of the record to be used on appeal."

In Atwood v. New England Trust Co., 305 Mass. 472, 26 N. E. 2d 376, the Court had occasion to consider what should be regarded as "presentation" of a bill of exceptions and used this language concerning the point:

" 'Presentation' (the word used in the statute) of the bill of exceptions to the presiding judge that he may examine it and allow or disallow the exceptions has long been a required step in the process of bringing a case to this court on exceptions. St. 1803, c. 94, § 5; Rev. Sts. c. 81, § 28; Gen Sts. c. 115, § 7; Pub. Sts. c. 153, § 8; R. L. c. 173, § 106. During the interval between St. 1880, c. 118, § 1, and St. 1911, c. 212, § 1, presentation to the judge was made by the clerk. Since the act of 1911 presentation has been by a party. G. L. (Ter. Ed.) c. 231, §§ 113, 114. Exactly what constitutes sufficient presentation seems never to have been fully defined and need not be fully defined now, but it is apparent from the plain object of the requirement of presentation, from the reference in § 117 to a failure

of the judge to 'return" the exceptions, and from the implications of numerous decisions that it is at least necessary that the bill of exceptions be brought physically into the presence and to the attention of the judge, so that he may examine its contents with a view to acting upon it."

When the statute did not as now give a specified number of days for putting exceptions in written form, but read, "and time may be given to reduce the exception to writing but not beyond the first day of the succeeding term," (Rev. Stats, 1887, § 2646), and as now required for the presentation of a bill of exceptions to the Court for allowance, (§ 2649, Rev. Stats. 1887) in Howard v. Bowman, 3 Wyo. 311, 312, 23 Pac. 68, the Court pointed out that the bill of exceptions was fatally defective in several particulars, and the Court said relative to the question material here:

"On the overruling of plaintiff's motion for a new trial, he asked and obtained time until the 1st day of December, 1887, to present his bill. The record does not anywhere disclose whether the bill was tendered to the court for allowance within the time given. It should affirmatively appear, by a recital of the record, that this was done; otherwise it cannot be considered by this court. * * * The record being thus defective, the only question cognizable by this court is whether the pleadings are sufficient to support the judgment. We are of the opinion that they are, and the judgment of the district court is therefore affirmed."

The rule thus established has been constantly followed from that day to this in connection with bills of execption in proceedings in error so far as we are advised.

In Wright v. McCullough, 16 Ala. App. 575, 80 So. 149, we find the Court saying:

"The bill of exceptions was signed more than 90 days from the rendition of the judgment, and, so far as the record certified here shows, there is no indorsement on

the bill of exceptions showing when it was presented to the trial judge for his signature. * * * The bill of exceptions not showing on its face that it was presented within 90 days from the rendition of the judgment, under the uniform ruling of this and the Supreme Court it cannot be looked to as a basis of showing error. Box v. Southern Railway, 184 Ala. 598, 64 South. 69; Harper v. State, 13 Ala. App. 47, 69 South. 302; Wrenn v. Baker, 73 South 756; Scott v. Ala., T. & N. Ry. Co., 77 South. 983."

Under the authorities examined above we are obliged to answer the question heretofore suggested in the negative. The motions for a new trial were overruled December 27, 1943, as we have stated. The time for presenting the bill of exceptions to the trial Court expired February 25, 1944. The contention of plaintiff in error appears to be that there was a bill of exceptions presented to the trial court because the Court Reporter's transcript of the evidence with the exceptions noted therein to rulings on the admission and rejection thereof was in the possession of the trial Judge at the time he also had possession of the written motions for a new trial and had overruled them. No authorities are cited in support of this view which we regard as in point.

Our attention is directed to the case of Harden v. Card, 14 Wyo. 479, 85 Pac. 246. But there is a bill of exceptions, though incomplete through not containing a transcript of all the evidence in the case, was in fact presented to the trial Court "within the time allowed by law and the order of this Court" as the certificate of the trial Judge therein specifically recited.

In the case at bar, so far as we can tell from the record, there was nothing done by the plaintiff in error between December 27, 1943, the date when the motions for new trial were denied, and February 25, 1944, when the sixty day limitation referred to above ex-

pired. To paraphrase the language of the Supreme Court of Appeals of Virginia, in the Coleman case, supra,—to deliver a copy of the report of the evidence to the trial Judge for his use in disposing of these cases and the motions for new trials therein, is an altogether different thing from presenting a completed bill of exceptions to the Judge for the purpose of having him sign a certificate relative to same and attached thereto to be made a part of the record for use in proceedings in error in this Court.

So far as can be told from what appears before us nothing in the form of a bill of exceptions was called to the attention of the trial Judge until the month of June, 1944. Until that time he did not even know whether any steps would be taken in an endeavor to bring these cases on review before this Court. It is an unusual contention, to say the least, that, for example, motions and other matters of similar character which, as many times heretofore ruled by this Court, (Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 191 Pac. 1069; Newark Fire Insurance Co. v. Central Wyoming Automobile Club, et al., 36 Wyo. 540, 257 Pac. 5), can only be brought into the record in proceedings in error by being incorporated in a bill of exceptions duly presented and allowed, the same result should be now regarded as accomplished through simply placing them in the hands of the trial Judge for his ruling thereon. We are unable to see our way clear to sanction any such loose method of procedure.

Additionally, it may be observed, that neither the certificate of the trial Judge, nor in any other place in the record is a date of presentation or even a date of signing the certificate aforesaid disclosed by the record as it was filed in this Court. It may be mentioned also in this connection that the aforesaid statement of the trial Judge above his signature does not

even designate the papers preceding it as a bill of exceptions. It merely enumerates them. The motions to strike the purported bill of exceptions must be sustained.

It follows that under our Rule 13, supra, there is nothing for this Court to consider unless prejudicial error is assigned and established as appearing upon the record proper. In that connection our attention is directed to the first two assignments of error set out in the petitions in error, viz., that the amended and supplemental petitions of the plaintiff below fail to state a cause of action in his favor and against the defendant, and also that the court erred in overruling the demurrer to those pleadings. These are questions, of course, arising upon the pleadings and necessarily upon the record proper and it is contended that in consequence the motions to dismiss these proceedings in error cannot prevail.

But the decision of this Court in the Case of "W" Sheep Co., v. Pine Dome Oil Co., 32 Wyo. 61, 228 Pac. 799, has ruled that under a situation such as now exists in the cases at bar with the purported bill of exceptions out of the records, such contention is without merit. In that case the limitation period for bringing proceedings in error was one year after "the rendition of the judgment or the making of the final order complained of" (Comp. Stats. 1920, § 6384) whereas as it affects the case at bar as it is now six months, (L. of Wyo. 1935, Ch. 111, supra). It was contended in that case that the limitation period of one year did not begin to run until the date of the overruling of the motion for a new trial made by the plaintiff. In that case, as here, there was no bill of exceptions. In that case, as here, there were questions arising upon assignments in the petition in error which dealt with the record proper, i. e., the pleadings. In that case, as here, the motion

for a new trial stated none of the questions asserted to arise upon the record proper, and, indeed, here they could not correctly appear in such a motion, for they involve questions of law alone and not questions of fact with which a motion for a new trial deals. Section 89-2101, W.R.S. 1931, supra.

In a clear analysis of such a situation Mr. Chief Justice Potter, after a preface, followed by a citation of authorities to the effect that:

"In the first place this court has not held that in *every case* the date of the overruling of a motion for a new trial will be taken as the date of the rendition of . the judgment, but we held that principle to apply only in cases where such a motion, with an order overruling it, is necessary under our rules and decisions to a consideration of the questions in this court on error,"

said—and we make a rather extended excerpt from the opinion in that cause as it so closely applies to the problem we now have before us:

"But it is here sought to present certain questions said to arise upon the record, and not dependent for their consideration upon either a bill, or their presentation in the trial court by a motion for new trial. And it may be conceded that the petition in error contains some assignments that might be considered without having been presented to the court by a motion for a new trial and in the absence of a bill of exceptions. For example: That the trial court erred in not rendering the proper judgment on the verdict; and in not rendering judgment for plaintiff on the pleadings. The difficulty with plaintiff's case in that respect, however, is, first, that without a motion having been made and *necessary* to a consideration here of the alleged errors, there would be nothing in the case to prevent the running of the one year limitation from the actual date of the rendition of the judgment. And such a motion *would not be necessary* to our consideration of questions arising upon the record proper. (Citing cases). Nor would they be grounds for a new trial, which is defined by statute as a re-examination of an issue of

fact. C. S. 1920, Sec. 5870. Hence even if properly in the record, such a motion would have no effect as to such questions in postponing the running of the limitation peroid aforesaid. But the motion for new trial said to have been filed in this case is not properly in the record. For, without a bill embracing it, neither the motion nor the fact that it was overruled can constitute a part of the record. (Citing cases). The bill is needed in any case to identify the motion; for even if there be a journal entry showing a motion to have been overruled, and there usually is, that entry would not, and could not properly, identify it. An attempt to do so by embodying the motion in the entry would be improper. This has been explained in former decisions of this court; we need refer only to the following cases on that point; Freeburgh v. Lamoureux, 12 Wyo. 41, 73 Pac. 545; Lockhart v. Brown, 31 O. St. 431. In Bank v. Anderson, supra, the reason for declaring such a motion, as well as other motions, not part of the record unless made so by a bill of exceptions, is stated as follows:

" 'The motion is not made a part of the record by statute, although the pleadings are, hence, the necessity for preservation by bill of exceptions to give it a place in the record.'

"But if the motion, as found among the certified original papers sent here by the clerk of the district court, might be consulted, it would show that none of the objections to the judgment presented by the questions said by counsel to arise upon the record proper was stated as a ground for a new trial in that motion; which fact, alone, would be sufficient to take the case outside the rule established by our decisions aforesaid, postponing the running of the statutory period for bringing a proceeding in error until the date of the overruling of a motion for new trial, 'as to alleged errors properly involved in a determination of the motion.' The errors alleged here as not requiring a bill of exceptions or motion for new trial overruled as a condition to consideration in this court *were not properly involved in a determination of that motion.*"

Recalling that the judgments in these cases were

rendered not later than November 6, 1943, and the petitions in error were not filed until June 26, 1944, more than six months thereafter, the motions to dismiss the proceedings in error must also be sustained.

*Dismissed.*

KIMBALL, C. J., and BLUME, J., concur.