**BINGHAM et al. v. KIMBRELL et al.**

No. 9982.

Court of Civil Appeals of Texas.
Austin.

June 20, 1951.

Rehearing Denied July 11, 1951.

Swaim & Swaim, Eden, Paul Petty, Ballinger, for appellants.

John M. Harrod, Eden, Smith & Lear, San Angelo, for appellees.

PER CURIAM.

The transcript in this case was filed in this court on April 23, 1951. It discloses the following facts which pertain to our jurisdiction:

Trial was before a jury. Verdict of the jury was filed December 20, 1950.

On January 3, 1951, appellants filed numerous objections to the verdict of the jury.

On January 4, 1951, judgment was rendered for appellees on the verdict of the jury and on undisputed facts.

Appellants' motion for a new trial was filed January 13, 1951.

A cash deposit for costs in lieu of an appeal bond was made March 26, 1951.

On April 10, 1951, the trial court granted appellants an extension of time for preparing and filing a statement of facts and bills of exception.

The transcript does *not* show that appellants filed any amended motion for a new trial or that the original motion for new trial was ever presented to or acted upon by the trial court, or that any written agreement was made by the parties concerning such matters.

On May 7, 1951, appellants filed in this court a motion for an extension of time within which to prepare and file a statement of facts. This motion has not been acted upon.

The District Court of Concho County has continuous terms and it is subject to the provisions of Rule 330, Texas Rules of Civil Procedure. See Section (District) 119, art. 199, V.A.C.S.

Subdivision (j) of Rule 330 provides, in part: "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

If appellants' motion for a new trial was not presented to the trial court then it was overruled by operation of law at the expiration of thirty days from the date on which it was filed. Bowman v. Traders &

General Ins. Co., Tex.Civ.App., 219 S.W. 2d 148 (Austin C.C.A. Writ. Ref.). This date would be February 12, 1951, and the cash deposit made in lieu of an appeal bond on March 26, 1951, would not have been made within the 30-day period prescribed by Rule 356, T.R.C.P., a fact which would destroy our appellate jurisdiction. Barnes v. Raymer, Tex.Civ.App., 224 S.W. 2d 516 (Eastland C.C.A.).

We have considered certain correspondence on the part of one of appellants' attorneys and the trial judge as reflecting their respective recollections concerning presentment vel non of the motion for new trial:

The trial judge stated:

"On the 13th day of January, A.D. 1951, as shown by the record, the defendants in the trial court were granted permission to file an amended motion for a new trial; thereafter at a day of the regular term of court, and to the best of my recollection either on the 5th or 19th of February, substantially the following conversation between Mr. E. H. Swaim and myself took place in the District Court room at Paint Rock, Texas.

"Mr. Swaim asked when I could hear the defendants' amended motion for a new trial to be filed later. The question then arose as to the date of the order permitting the defendants to file an amended motion for a new trial. Thereupon, Mr. Swaim went to the office of the District Clerk to get or examine the original court papers and to make sure of the date of the order permitting the amendment. An examination of the court papers showed that more than twenty days had passed since the original order permitting the amendment was entered. Mr. Swaim, thereupon, stated that left only the original motion for a new trial before the court, or words to that effect. I gave no consideration to the motion; and there were no further conversations with reference to said motion, and no action taken by the court nor orders made thereon."

Appellants' attorney stated:

"I have just read a copy of the letter which District Judge, O. L. Parish wrote you concerning proceedings had in the District Court of Concho County, Texas, when the original motion of defendants was presented to the Court for his action thereon. The statement as made by Judge Parish is correct, with the single exception:

"That the writer personally knows and is absolutely certain that this motion was presented on the morning of February 5th, 1951, in open court in the District Court room, during a regular term of the District Court of Concho County, Texas, at Paint Rock, Texas. He went there on that certain date for the specific purpose of taking this up with the District Judge, this being the first day of this term of court in Concho County, Texas. He did take it up with the court on that day as he had planned.

\*    \*    \*    \*    \*    \*

"No one else was present in the Court room with the exception of Judge O. L. Parish and the writer when this matter occurred."

Construing these statements most liberally in appellants' behalf, we do not believe that they show that the motion was ever presented.

In Spalding v. McKnight, 61 Wyo. 22, 154 P.2d 312, 315, (Supreme Court of Wyoming), the court said: "All of the definitions given of the word 'presentation' indicate something more than a mere delivery, or the placing in the legal possession of the presentee of the thing presented. Standard Dict. There must not only be a delivery, but in addition thereto a formal exhibition of the thing presented, so that, with full knowledge, it may be accepted or rejected. \* \* \*"

In Hughes Tool Co. v. National Labor Relations Board, 5 Cir., 147 F.2d 69, 73, 158 A.L.R. 1165, this language is found: "No one would think a case in court was 'presented' by merely filing it. A presentation of it would include the taking of evidence the making of argument, and all things necessary to its full understanding."

It is evident that the trial judge did not consider that the motion for new trial was being presented for a ruling. Opposing counsel were not present. No evidence was offered. No arguments were made. No notations on the trial docket are shown. No statement by the court that the motion was being taken under advisement was

made. No ruling was requested or made. It is not even shown the court knew the contents of the motion. In short, none of the elements of a formal presentation of the motion are shown, and we reluctantly conclude that the motion was not presented and that we are without jurisdiction of this appeal.

Appeal dismissed.